**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert C. HETHERINGTON, Defendant-
Appellant.**

**No. 12311.**

United States Court of Appeals
Seventh Circuit.

June 22, 1960.

Rehearing Denied Aug. 1, 1960.

On Petition for Rehearing Aug. 3, 1960.

Robert Tieken, U. S. Atty., Albert F. Manion, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski and Charles R. Purcell, Jr., Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The defendant Robert C. Hetherington was indicted on March 12, 1959 for attempted evasion of his individual income taxes for the calendar years 1952, 1953 and 1954, in violation of Section 145(b) of the Internal Revenue Code of 1939, 26 U.S.C. § 145(b) and Section 7201 of the Internal Revenue Code of 1954, 26 U.S. C. § 7201.

On April 3, 1959 defendant entered a plea of not guilty and was given until May 4, 1959 to file motions. Motions were made to dismiss the indictment, for discovery and production, and a bill of particulars, all of which were disposed of on June 17, 1959. The defendant made a timely motion accompanied by an affidavit pursuant to Section 144 of Title 28 United States Code, that Julius J. Hoffman, the judge to whom the trial was assigned, proceed no further, and that the cause be reassigned. The principal recitation of the affidavit stated that during the pendency of certain motions on May 18, 1959, the prosecutor and the Government's principal witness had a conference in Judge Hoffman's chambers at which time the theory of the Government's case was discussed. The affidavit further stated that the defendant was not present, nor given any notice that this meeting was to occur. On the basis of this affidavit the defendant expressed his belief that the Judge must be considered to be personally biased in favor of the plaintiff, the United States of America.

After motions made by defendant's counsel had been disposed of the case was set for trial on September 8, 1959 before the Honorable Julius J. Hoffman. Trial was commenced on September 8, 1959 and the Government proceeded with present-

Anna R. Lavin, Edward J. Calihan, Jr., Chicago, Ill., for appellant.

ing its evidence until September 22, 1959, at which time the defendant moved to withdraw his plea of not guilty and enter a plea of guilty. Said motion was granted and the defendant entered his plea of guilty, and on October 22, 1959 the trial judge sentenced the defendant to one year and a day and a fine of $10,000 was imposed.

On October 23, 1959 defendant filed a motion to vacate the sentence and for withdrawal of his plea of guilty, which was denied.

The contested issues are:

1. Whether a plea of guilty was voluntarily entered by the defendant after consulting with, and upon the advice of counsel.

2. Whether this is the proper forum and time for review of the lower court's failure to reassign.

3. Whether a sufficient showing was made to empower the trial court to entertain a motion to withdraw the plea of guilty made by defense counsel after sentence was imposed.

4. Whether the ruling of the trial court upon the motion for continuance and for the withdrawal of a juror raises jurisdictional questions not waived by the entry of a guilty plea.

5. Whether the sentence imposed was legal and within the discretion of the trial court.

The defendant Robert C. Hetherington was a practicing physician and surgeon in Geneva, Illinois. On March 12, 1959 he was indicted. The indictment was in three counts, alleging that the joint returns filed by him and his wife, Leola, were false and fraudulent, in that the said defendant did thereby attempt to defeat and evade a large part of the income tax due to the United States of America. The years involved were 1952, 1953 and 1954. The total evasion charged for the three years was $14,820.48 on a total additional income of $38,853.62. The Government intended to prove its case on the "net worth" theory.

On September 8, 1959 the motion for reassignment was heard and denied by the court who expressed the opinion that the supporting affidavit was insufficient to justify the granting thereof. Defendant's counsel then asked for a continuance stating that he had not had sufficient time to prepare the case for trial. This motion was denied and the case proceeded to trial.

After selection of the jury and making opening statements on behalf of the Government and the defendant, the Government on September 10, 1959 began the introduction of evidence and the case continued on trial daily until September 22, 1959 when the defendant moved to withdraw his plea of not guilty and enter a plea of guilty. On September 14, 1959 at the request of the Government a conference was had in chambers to discuss problems created by the necessity of subpoenaing numerous witnesses for the production of documents. The court was informed by defendant's counsel that he would have to hold the Government to the rule requiring strict proof. At the same conference Mr. Calihan, defendant's counsel, advised the court that he had a genuine fear that the defendant would destroy himself, and also requested that the court adjourn at 4:45 p. m. each day in order that the defendant might get back to Geneva and carry on his practice in the evening. Judge Hoffman indicated that he would not relieve the Government of its difficulties arising from the nature of the case and the volume of its exhibits and witnesses, and in this conference he further advised counsel he would try to accede to his request regarding adjournments. On September 15, 1959, the trial was again interrupted by a conference in the chambers and Mr. Calihan acknowledged that the Government's counsel had consulted with the Department of Justice and that the Government would not make a recommendation to the trial court with reference to the type of disposition which might be made upon a plea of guilty. Mr. Calihan then attempted to obtain a commitment from Judge Hoffman as to what the sentence might be and it is very clear from Judge Hoffman's remarks that he would not make any

arrangements in advance with the defendant as to what the sentence might be. The court went into great detail telling counsel for defendant that he would not make any deal as to what the sentence might be.

On September 17 certain representations were made that the defendant had fallen the previous evening injuring his leg. There were other medical representations made, one of which was a report from Mayo Clinic, but that opinion indicated that the doctor was in shape to proceed to trial and advise with his counsel.

Again on September 17 at the conclusion of the morning session the defense counsel raised the question of the defendant's health. Judge Hoffman then advised defense counsel as follows:

"I will be glad to give you a hearing outside of the presence of the jury with respect to the alleged or asserted medical condition of the defendant at any time you move for it."

During the afternoon session of September 17 the defendant took the stand in his own behalf to support his contention as to his physical condition and outlined his medical history. At the conclusion of the defendant's testimony the court denied defendant's motion for a continuance to permit a physical examination of the defendant by a Government doctor.

Again on September 21 the case was interrupted to permit the defendant to offer further evidence in support of his physical condition. Dr. Rodney Nelson and Dr. Thomas A. Heenahan were called as witnesses for the defense. Dr. Nelson stated that it was his opinion that it was unlikely that the defendant would become seriously ill or die because of the stress and strain of the trial, but that the continuation of the trial would seriously jeopardize the health of the defendant. Dr. Heenahan stated that he had no opinion as to the effect of the trial on the health of the defendant. At the conclusion of the testimony of Dr. Heenahan the defendant moved to withdraw a juror

and to declare a mistrial. This motion was denied.

Then on September 22, 1959 the defendant asked to withdraw his plea of not guilty and to enter a plea of nolo contendere which was denied. Then the defendant moved for leave to withdraw his plea of not guilty and to enter a plea of guilty and the Court explained to the defendant in the presence of his attorney the charges in the indictment, and the defendant was asked if he knew the nature of the charges. The defendant answered "Yes, Sir". The Court then explained the possible penalty upon the plea of guilty and the defendant said he understood the consequence of such a plea.

On October 22, 1959 the case came on for disposition on the plea of guilty. The defendant was given a chance to say whatever he desired in his own behalf. The Court after having studied the presentence report, and hearing the defendant, sentenced him to one year and one day in the penitentiary and assessed a fine of $10,000.

On October 23, 1959 the defense counsel filed a motion to vacate the sentence and for withdrawal of the plea of guilty. The trial court heard at length the arguments of counsel for the defendant, and at the conclusion of the arguments denied the motion.

There is considerable evidence in the record as to the defendant's physical condition during the trial and at the time of the defendant's plea of guilty, however, we are of the opinion that it is clear that the defendant voluntarily entered his plea of guilty with full understanding of the nature of the charges made in the indictment, his available defenses and the nature and consequences of such plea. The record shows that the defendant was represented by able counsel. The record further discloses that he was admonished at great length as to the consequences of a plea of guilty. The plea of not guilty was not withdrawn and a plea of guilty entered until the case had been on trial for two weeks, and not until defendant's counsel had ex-

hausted many possible avenues for change of venue, a continuance, or a commitment by the court as to a sentence the defendant might receive. We are of the opinion there is no merit to the contention that the defendant was coerced or did not know the consequences of his plea of guilty.

The court having jurisdiction of the subject matter and of the defendant had the power upon defendant's voluntary plea of guilty made with an understanding of the nature of the charge to enter a judgment unassailable from attack. A plea of guilty admits all essential allegations, thus relieving the Government of the burden of making proof and a court having jurisdiction of the subject matter and of the defendant has power to enter a judgment, unassailable by collateral attack, on a guilty plea without conducting an independent inquiry or hearing to determine so-called jurisdictional facts. United States v. Hoyland, 7 Cir., 264 F.2d 346, 352. It is our opinion that a voluntary plea of guilty constitutes an effective and complete waiver of all non-jurisdictional defects which might be otherwise raised by way of defense, appeal or collateral attack. Weir v. United States, 7 Cir., 92 F.2d 634, 635, 114 A.L.R. 481.

It has been held many times that an Assistant United States Attorney may confer with the Trial Judge even though it is out of the presence of the defendant without grounding an inference of improper scheming against the right of defendant to a fair and impartial trial. Craven v. United States, 1 Cir., 22 F.2d 605, 606, 607. In any event the trial court's denial of the motion to reassign the case does not, even if erroneous, raise a jurisdictional question.

The proposition that a sentence within the statutory maximum provided for by Congress is not subject to review on appeal except possibly for manifest abuse of discretion is well established. In the instant case the sentence although

possibly unexpected by the defendant was not beyond the maximum limitations provided in applicable statutes.

Therefore we hold that the sentence imposed was legal and within the discretion of the District Court. It did not err in refusing to vacate the sentence or permit withdrawal of the plea.

Judgment affirmed.

Affirmed.

On Petition for Rehearing.

SCHNACKENBERG, Circuit Judge.

Defendant seeks a rehearing in this court and suggests that the rehearing be held *en banc*.

Among the grounds urged for a rehearing is defendant's assertion that this court has not decided whether defendant's affidavit of bias was sufficient to require the district judge's disqualification.

The record shows the following relevant facts, or allegations thereof:

1959

April 3 Plea of not guilty entered.

May 18 Alleged conference held in trial judge's chambers, without notice to defendant or his attorney of record, where assistant United States attorney assigned to trial of defendant's case, and special agent Ralph A. Weber conferred with trial judge; that said Weber had conferences with defendant theretofore and was to be the principal witness against him; at said conference matters relating to the quantum, nature and theory of the government's proof in this cause were discussed; that trial judge has evidenced a personal bias and prejudice against defendant.

June 17 Order setting case for trial Sept. 8, 1959.

August 25 Affidavit of defendant in support of his motion that trial judge reassign case, pursuant to 28 U.S.C.A. § 144, supported by affidavit of defendant setting forth, *inter alia,* facts set forth, *supra,* alleged to have occurred on May 18, 1959.

September 8 Order denying defendant's motion to reassign case, etc. Trial started.

" 22 By leave of court defendant withdrew plea of not guilty, and, upon arraignment, pleaded guilty on counts 1, 2 and 3. Judgment of guilty entered.

We have no situation which suggests that the court was without jurisdiction in these proceedings. Whether the defendant had a right to require the trial judge to disqualify himself is another question. In his brief in this court his counsel contends, erroneously, I think, that this court has not ruled on whether his affidavit of bias was sufficient to require the court's disqualification. It is not necessary for me to consider what position I would have taken as to this affidavit if I had been a member of the panel which decided this case. I am limited to voting upon the suggestion of a rehearing *en banc.* For that purpose I have examined the affidavit with great care. Unfortunately for defendant, whose affidavit it is, I note a significant omission in the recital of facts. The affidavit fails to show when he first learned of the conference in chambers which he relies upon as the basis for his motion to transfer from the trial judge. However the affidavit, which was made on August 25, 1959, reveals that at or before that date he had knowledge of the facts charged therein. It follows, therefore, that he knew these facts on September 8, 1959 when his motion to transfer the case was denied and the trial started. It was not until September 22 that he interrupted the trial by withdrawing his plea of not guilty and pleaded guilty whereupon the judgment appealed from was entered. It is apparent that with knowledge of the alleged facts he withheld action until the evidence at the trial developed unfavorably to him. If the court erred in denying his motion for transfer of the case, he waived that error by entering a plea of guilty, and he is now in no position to complain of the court's action in that respect.

I have therefore voted to deny his suggestion for a rehearing *en banc.*