■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS LAKIN, Appellant.— Appeal by defendant from a judgment of the former County Court, Queens County, rendered October 24, 1962 upon his plea of guilty, convicting him of attempted assault in the second degree, and imposing sentence. Although no appeal has been taken from an intermediate order of said court, dated June 21, 1962, which denied defendant's motion to suppress certain evidence, such order has been reviewed pursuant to the recently enacted statute (Code Crim. Pro., § 813-c; § 517, subd. 3). Judgment and order reversed on the law and the facts; plea of guilty vacated; motion to suppress evidence granted; and action remitted to the Criminal Term of the Supreme Court, Queens County, for further proceedings not inconsistent herewith. The motion to suppress evidence was denied without a statement of the facts or an opinion as required in *People* v. *Lombardi* (18 A D 2d 177, affd. 13 N Y 2d 1014). The practice enunciated in that case should be followed in all applications decided by the trial court subsequent to the date of that decision. However, in the instant case, the decision on the motion and the judgment of conviction antedate the decision in *Lombardi*. We have therefore undertaken an examination of the record of the hearing (see *People* v. *Gary*, 20 A D 2d 550). The arresting officer, off duty and in civilian clothes at the

time of arrest, observed defendant walking toward him with a woman's black pocketbook under his arm. As they approached each other, the defendant took his hat off and placed it over the pocketbook. The officer stopped defendant and asked him what he was doing with a woman's pocketbook. Defendant replied that it was his wife's and that he was going to meet her. The officer asked defendant to open the pocketbook, which he did. The ensuing search disclosed that the pocketbook was not owned by defendant's wife. The officer thereupon arrested defendant. The carrying of a woman's pocketbook by a man, though somewhat unusual, is not criminal behavior or sufficient basis for a finding of probable cause that, at the time of the arrest, defendant was guilty of a crime (*People* v. *McCarthy,* 14 N Y 2d 206). Nor was there consent to the search when defendant opened the pocketbook at the police officer's request. Such act was not voluntary; it constituted, rather, a submission to recognized authority (*People* v. *Abramson,* 40 Misc 2d 723). Ughetta, Christ and Brennan, JJ., concur; Beldock, P. J., and Kleinfeld, J., dissent and vote to affirm the judgment and order, with the following memorandum: Section 813-c of the Code of Criminal Procedure provides that an order denying a motion to suppress evidence obtained by unlawful search and seizure may be reviewed notwithstanding the fact that defendant thereafter pleaded guilty. This defendant was indicted for grand larceny in the second degree, petit larceny, assault in the second degree, and carrying a dangerous weapon. The allegedly unlawfully seized property had reference to the larceny counts only. Had defendant pleaded guilty to the larceny counts, there would have been some relationship between the evidence sought to be suppressed and the resulting judgment of conviction; and, on an appeal from such a judgment defendant could have obtained a review of the order denying the motion to suppress. But when defendant pleaded guilty to *attempted assault* in the second degree, it became entirely immaterial whether the fruits of the larceny were suppressed. Moreover, even if the arrest was unlawful and the defendant was entitled to resist with reasonable force, the plea of guilty to the assault count meant that defendant had resisted or had attempted to resist with unreasonable force. In any event, it is our opinion that there was reasonable cause to arrest this defendant because: (a) he was carrying an uncovered woman's pocketbook; and (b) as the officer approached him, he covered the pocketbook with his hat in an obvious attempt to conceal it.