■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DENNIS DUNCAN, Respondent.— Appeal by the People from an order of the County Court, Nassau County, entered May 8, 1964, which granted the defendant's motion to dismiss the indictment for criminal negligence in· the operation of an automobile resulting in death · (Penal Law, § 1053-a), on the ground that the evidence before the Grand Jury was insufficient in law to warrant the finding of the indictment. Order reversed on the law; motion denied; and indictment reinstated. No questions of fact were considered. In our opinion, the evidence submitted to the Grand Jury was sufficient to warrant the indictment (see Code Crim. Pro., § 251). (For prior decision reversing judgment of conviction and granting a new trial to defendant, see 15 A D 2d 581.) Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES ROGERS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 11, 1963 on his plea of guilty, convicting him of carrying a dangerous weapon, a revolver, as a felony (Penal Law, § 1897), and imposing sentence. The appeal brings up for review an intermediate order of said court, dated June 11, 1963, which denied a motion by this defendant and his codefendant (his wife) to controvert a search warrant and to suppress evidence. Judgment and order affirmed. The affidavit of the police officer, on the basis of which the search warrant was issued, shows that the undisclosed informant, to whom reference is made in the affidavit, was reliable and had given the police the information that defendant and others "found" in the subject premises "are selling narcotic drugs" therein. We read this to mean that the informant saw this traffic in narcotics taking place in the premises. The affidavit further shows that on each of the two days before the issuance of the warrant the officer saw stated numbers of men enter the subject premises, and that amongst them on each day were two known addicts. In our opinion, these factual statements, together with the officer's stated opinion that there was probable cause to believe that narcotic drugs and related paraphernalia might be found in the premises and in the possession of persons found therein, were sufficient to justify the issuance of the warrant. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.