Chief Judge Desmond.
On the authority of a search warrant issued by a New York City Criminal Court Judge, police officers entered and searched the Brooklyn apartment where defendant-appellant and his wife lived. The affidavit on which the search warrant was issued states the sources and character of information which the affiant police officer claimed to have as to possession and sales of narcotic drugs in defendant’s apartment. The sufficiency of this affidavit is the only question before us.
Although the search warrant was issued on allegations as to the narcotics sales in defendant’s apartment only, the search resulted in two indictments which not only charged defendant and his wife with several assaults on police officers and narcotics violations, but, also, charged defendant-appellant separately with the crime of carrying a dangerous weapon as a felony. Defendant made a pretrial motion under section 813-c of the Code of Criminal Procedure to controvert the warrant and to suppress evidence. The motion was denied.
Some days later appellant pleaded guilty to one of the charged crimes, that is, carrying a dangerous weapon as a felony. He was sentenced to prison. His notice of appeal to the Appellate *424 Division from the conviction brought up also the intermediate order denying his motion to controvert the search warrant. Appellate Division, Second Department, affirmed in a memo (22 A D 2d 902) in which the court said that it read the affidavit to mean that the undisclosed informer referred to in the affidavit had told the police officer that the informer had seen narcotic drug transactions in the apartment and that this showing was sufficient for the issuance of the warrant when taken with the officer’s statement in the affidavit that on each of two days before the warrant was issued the officer had seen entering appellant’s premises a number of persons, including two known drug addicts. The Appellate Division affirmed the judgment of conviction and also the intermediate order brought up for review which had denied the motion to controvert the warrant.
The challenged affidavit says that the detective who signed the affidavit had information from an (unnamed) informer, known to the affiant to be reliable and accurate and whose information in the past had led to the arrest and conviction of three persons, that (defendant) Jimmy Rogers and others were selling narcotic drugs in the described premises (Rogers’ apartment), also that the deponent had observed these premises on two separate days for one hour on one day and two hours on another day, and that at those times 13 persons including 4 known male addicts had been seen entering the premises and that because of these facts deponent had reasonable ground to' believe that narcotic drugs and paraphernalia were on the premises and in the possession of the defendant and other persons there.
The affidavit was sufficient. In People v. Misuraco (16 N Y 2d 542, decided May 20, 1965) one of the questions was as to whether the search warrant affidavit was adequate basis for authorizing a night search. We held that it was. In so doing we, of course, held that it was a sufficient affidavit for a search warrant. The affidavit in the Misuraco case is somewhat longer than the one we are looking at here but not essentially different. It was made by a police officer who swore that the officer had received confidential information from a reliable and unnamed informer that policy bets were taken on the described premises by certain named persons and that this informer told the officer *425 that on a date shortly before the affidavit was made the informer had seen those persons inside the premises handling policy slips and that on two days shortly before the affidavit was made and. several times on those days the officer and the informer had made observations and had seen several unknown persons knock at the door of the apartment and hand money to the unknown person who opened the door from inside. The differences between the affidavit in People v. Misuraco (supra) and the present affidavit are verbal only.
The Assistant District Attorney on the argument of the present case called our attention to United States v. Ventresca (380 U. S. 102, decided March 1, 1965). In Ventresca there is a long opinion by Justice Goldberg holding sufficient for search warrant purposes an affidavit which, while very lengthy and detailed, is not basically different from the one we are examining here. The charge against Ventresca was illegal operation of a whiskey distillery and the affidavit (by an Internal Revenue Service investigator) described a number of occasions when an automobile was seen to drive to defendant’s house with loads of sugar and empty tins and the subsequent loading at the house of apparently full cans, also smells from the outside of fermenting mash, sounds of a motor pump operating, etc. There was a further statement that the factual conclusions of the affidavit were based in part on observations by the affiant and in part on information received from other unnamed Federal investigators. The holding of the interesting and significant majority opinion in Ventresca might be summarized thus: in a doubtful or marginal case a search under a warrant should be sustained; an affidavit for a search warrant may be based on hearsay so long as the magistrate is informed of the underlying circumstances which support the conclusion and belief of the affiant that his informer was credible or his information reliable; while the affidavit must contain something beyond mere conclusions it is to be tested in a common-sense way and probable cause for a search appears when a fair reading of the whole affidavit sets forth underlying circumstances based on observations of government officers. The dissenting opinion in Ventresca by its protestations makes even clearer the holding of the majority since the dissent criticizes the acceptance of hearsay and speculation, failure to identify the informer and the absence of hard facts. *426 We call attention to another similar decision: Rugendorf v. United States (376 U. S. 528).
The judgment should be affirmed.
. Judges Dye, Fuld, Van Voorhis, Bubke, Scileppi and Bergan concur.
Judgment affirmed.