**UNITED STATES of America ex rel. America MENDEZ, Relator,**

v.

**Lillian V. FISH, Superintendent of the Westfield State Farm of the State of New York, Respondent.**

No. 65 Civ. 1904.

United States District Court
S. D. New York.

July 15, 1965.

Charles A. Wolfe, New York City, for relator; Steven W. Wolfe, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of New York, for respondent; Brenda Soloff, Asst. Atty. Gen., of counsel.

## MEMORANDUM

FREDERICK van PELT BRYAN, District Judge:

This is a petition for a writ of habeas corpus by a state prisoner presently incarcerated in the Westfield State Farm, at Bedford Hills, New York. She is there under a sentence imposed on a plea of guilty to a charge of abortion. Petitioner alleges that her detention is in violation of the Federal Constitution.

From the papers submitted by petitioner through her attorney and the opposing papers submitted by the State of New York, the following undisputed facts emerge.

On August 12, 1964 petitioner's home was searched pursuant to a warrant which authorized the search for and seizure of evidence pertaining to the performance of unlawful abortions.

On August 21, 1964 petitioner was indicted in a nine count indictment for the crime of abortion by the Grand Jury of Kings County. She alleges that evidence seized on August 12 pursuant to the search warrant furnished a basis for the indictment.

The warrant was issued pursuant to New York Code of Criminal Procedure § 792, subd. 4, which permits the seizure under a search warrant of "property constituting evidence of crime or tending to show that a particular person committed a crime."

On December 14, 1964 a hearing was held in Kings County Supreme Court on a motion to suppress the evidence seized

under the search warrant, on the grounds, among others, that § 792 violated the Federal Constitution in that it permitted unreasonable searches and seizures. Petitioner was represented by the same counsel who represents her on her present application. Justice Starkey held the statute constitutional and denied the motion to suppress.

At the hearing on the motion to suppress it also developed that petitioner's telephone had been tapped shortly before issuance of the search warrant. Petitioner maintains that she was also denied due process because her application to examine the court order authorizing the telephone tap was not granted.

Petitioner subsequently pleaded guilty to one count of the nine count indictment and on April 20, 1965 was sentenced to one to two years confinement.

There is no indication that petitioner's plea was anything but voluntary and made with a complete understanding of all the circumstances or that she was not represented by counsel.

On May 3, 1965 petitioner filed a notice of appeal from the judgment of conviction to the Appellate Division of the New York Supreme Court. By appealing her judgment of conviction, even though it was predicated upon a plea of guilty, petitioner claims she may obtain a review of the denial of the motion to suppress. See N.Y. Code Crim.Proc. § 813–c. The appeal will be argued next September or October.

On June 9, 1965 petitioner moved in state court for an order granting a certificate of reasonable doubt and an order releasing her on bail pending appeal. Under N.Y. Code Crim.Proc. §§ 527, 529, a defendant may be released on bail pending appeal only if a certificate of reasonable doubt is obtained from the trial court.

Petitioner's motion for a certificate of reasonable doubt was denied. There is apparently no state procedure to obtain a review of a denial of a motion to grant a certificate of reasonable doubt. See Epps v. Supreme Court, State of New York, 19 A.D.2d 807, 243 N.Y.S.2d 377 (1st Dept.1963) (per curiam). Therefore, petitioner remains in jail pending her appeal.

Petitioner now comes to this court and seeks habeas corpus relief. She alleges her sentence is constitutionally invalid in that it is based on evidence (1) obtained under an unconstitutional statute, (2) through an unconstitutional search warrant, and (3) through the unconstitutional tapping of her telephone.

She further alleges that since she is imprisoned due to unconstitutional seizure of evidence, she has a constitutional right to be released on bail pending her appeal. She therefore seeks release on bail under a writ of habeas corpus pending the hearing of her appeal in the state court.

Petitioner concedes that this court has no power to grant her unconditional release by writ of habeas corpus. Since an appeal of her conviction is presently pending in state court she has not fully exhausted her state remedies as required by 28 U.S.C. § 2254, as she does not deny.

However, she argues that most of her sentence will have been served before her state appeal is argued and decided and that therefore this court may release her on bail pending appeal.

She also claims a constitutional right to bail pending an appeal and says that bail may be granted by this court because no further state remedies to obtain bail are available.

█ Even assuming the validity of the novel and very doubtful propositions advanced by petitioner that under the facts of this case a constitutional right to bail exists and this court has the power to grant such relief, a writ of habeas corpus will not lie.

From the papers before the court it is clear that there is no showing that petitioner is imprisoned in violation of her constitutional rights. Petitioner's imprisonment is not based on an unconstitutional search and seizure or denial of due process. Any evidence allegedly obtained unconstitutionally was

never used against her. Petitioner's imprisonment is based solely on her plea of guilty. United States ex rel. Boucher v. Reincke, 341 F.2d 977 (2 Cir. 1965); United States ex rel. Vaughn v. La-Vallee, 318 F.2d 499 (2 Cir. 1963); cf. Thomas v. United States, 290 F.2d 696 (9 Cir. 1961) (per curiam), cert. den., 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401 (1962).

■ Objections to the nature of the evidence obtained by and available to the prosecution will not survive a plea of guilty and are not available on an application for a writ of habeas corpus. See United States ex rel. Boucher v. Reincke, supra, 341 F.2d at pp. 980–91; United States v. Salzano, 241 F.2d 849 (2 Cir. 1957) (per curiam); Winston v. United States, 224 F.2d 337 (2 Cir. 1955) (per curiam), cert. den., 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 803; United States v. State of Louisiana ex rel. Miles v. Walker, 222 F.Supp. 975 (E.D.La.1963); cf. United States v. Williams, 212 F.2d 786 (7 Cir. 1954).

■ Consequently, although New York law may provide petitioner with a statutory right to review a denial of a motion to suppress by appeal from a judgment of conviction based on a voluntary plea of guilty, there is no such constitutional right. Under these circumstances a writ of habeas corpus may not be employed to release a petitioner on bail pending appeal in state court from a denial of a motion to suppress.

■ There are no disputed issues of fact and no constitutional defect is alleged. The petition is defective as a matter of law and no hearing is required. See United States ex rel. Morinaccio v. Fay, 336 F.2d 272 (2 Cir. 1964); United States ex rel. Homchak v. People of the State of New York, 323 F.2d 449 (2 Cir. 1963) (per curiam), cert. den., 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964).

The application for writ of habeas corpus is denied.

It is so ordered.