The **UNITED STATES** of America ex rel.,
James **ROGERS**, Petitioner,

v.

**WARDEN OF AUBURN STATE PRIS-
ON, Auburn, NEW YORK,**
Respondent.

No. 65–CV–406.

United States District Court
N. D. New York.

Nov. 4, 1965.

Frances Kahn, New York City, for petitioner.

Memorandum-Decision and Order

PORT, District Judge.

A ten count indictment was returned by the Grand Jury of Kings County on February 11, 1963 charging the petitioner with six counts of assault second degree, three counts of assault third degree, and the tenth count charged possession of a revolver in violation of Section 1897 of the Penal Law, McKinney's Consol. Laws, c. 40 of the State of New York as a felony. After the denial of a motion to controvert a search warrant and to suppress the evidence obtained as a result of the search was denied without a hearing, the petitioner entered a plea of guilty to count ten of the indictment. The defendant was sentenced upon his plea of guilty to a term of not less than two and one half nor more than five years. He is presently in Auburn State Prison in execution of the judgment of conviction. The defendant appealed from the judgment of conviction bringing up for review the order denying his motion to controvert the search warrant and to suppress evidence. The judgment and order were affirmed by the Appellate Division, Second Department, People v. Rogers, 22 A.D.2d 902, 255 N.Y.S.2d 332, and by the Court of Appeals, 15 N.Y.2d 422, 260 N.Y.S.2d 433, 208 N.E.2d 422.

Petitioner contends that he is now imprisoned under an illegal and void judgment in violation of the due process and equal protection clauses of the Fourteenth Amendment, and of his rights under the Fourth Amendment. These violations, he asserts, result from the failure of the state courts to direct a hearing on his motion to controvert the search warrant and suppress the evidence.

At all times in the state trial and appellate courts, and in this court, he has been represented by counsel of his choice. Nowhere in the petition is it alleged that the plea of guilty was coerced. The sentencing minutes point in the opposite direction and indicate that the plea to one count of a ten count indictment was a voluntary plea entered upon the advice of counsel. Under these circumstances, no constitutional infirmity exists in the judgment of conviction, United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2d Cir., 1965).

Petitioner has filed an affidavit in connection with his petition requesting that he be permitted to prosecute the petition herein without prepayment of fees. He further requests that if the petition for a writ of habeas corpus is denied, that a certificate of probable cause be granted, and seeks leave to appeal in forma pauperis, without the prepayment of fees for the filing of the notice of appeal or for docketing the record on appeal, and that the appeal be prosecuted without printing the appendix and brief.

For the reasons stated herein, the petition herein is dismissed and denied. The Clerk is directed to file the petition herein and the supporting papers without prepayment of fees.

The request for a certificate of probable cause is granted.

Leave to appeal in forma pauperis is denied without prejudice to the petitioner to make any application he sees fit to the Court of Appeals, except that it is granted to the limited extent that a notice of appeal may be filed without prepayment of fees.

So ordered.