**UNITED STATES of America ex rel. Dominick LA MONICA, Petitioner,**

v.

**Francis BUONO, Warden of the New York City, Penitentiary, Respondent.**

**No. 66 Civ. 623.**

United States District Court
S. D. New York.
April 6, 1966.

Legal Aid Society, City of New York, New York City (Gretchen White Oberman, New York City, of counsel), for petitioner.

Frank S. Hogan, Dist. Atty., New York County (H. Richard Uviller, Alan F. Leibowitz, New York City, of counsel), for respondent.

### MEMORANDUM

THOMAS F. MURPHY, District Judge.

Petitioner, accused by the state of burglary, larceny and possession of burglar's tools made a motion in the state court to suppress evidence allegedly seized in an illegal search, and was successful.

People v. Cassone, 35 Misc.2d 699, 230 N.Y.S.2d 822, (N.Y.Ct. Gen.Sess.1962). However, the Appellate Division reversed, People v. La Monica, 20 A.D.2d 861, 249 N.Y.S.2d 392 (1st Dept.1964), and the Court of Appeals affirmed the Appellate Division, People v. Cassone, 14 N.Y.2d 798, 251 N.Y.S.2d 33, 200 N.E. 2d 214 (1964). The United States Supreme Court denied a petition for certiorari. 379 U.S. 892, 85 S.Ct. 167, 13 L.Ed.2d 95 (1964). The petitioner then pleaded guilty to attempted grand larceny and possession of burglar's tools and is presently serving a one year sentence on the latter charge, having received a suspended sentence on the former. The only issue raised in this petition for a writ of habeas corpus is the legality of the search.

A voluntary plea of guilty is a waiver of all non-jurisdictional defects. See United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2d Cir. 1965) and the cases cited therein. Petitioner argues, however, that there was no waiver here since under New York law an order denying a motion to suppress "may be reviewed on appeal from a judgment of conviction notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty." N.Y.Code of Criminal Procedure, § 813-c. However the New York procedure may affect the federal rule where the plea of guilty is entered following the denial of a motion to suppress,* it can have no effect where, as here, petitioner has had full recourse to all state appellate courts prior to pleading guilty. Accordingly, the application is denied.

This is an order. No settlement is necessary.

---

\* And at least two judges in this district have held that the New York procedure has no effect on the federal rule, United States ex rel. Jackson v. Warden, 255 F.Supp. 33 (D.C. March 8, 1966); United States ex rel. Mendez v. Fish, 259 F.Supp. 146 (D.C. July 15, 1965); although in the last mentioned case petitioner sought a writ alleging a constitutional right to be released on bail pending an appeal of her conviction on a plea of guilty following a denial of a motion to suppress. See also United States ex rel. Rogers v. Warden, 255 F.Supp. 516 (N.D. N.Y., November 4, 1965).