**UNITED STATES** of America ex rel.
**Lloyd JACKSON,** Petitioner,

v.

The **WARDEN OF GREEN HAVEN PRISON,** Respondent.

No. 65 Civ. 3266.

United States District Court
S. D. New York.

June 10, 1966.

Leon Polsky and Gretchen Oberman, Legal Aid Society, for petitioner.

Louis J. Lefkowitz, Atty. Gen. of New York, by Amy Juviler, Asst. Atty. Gen., for respondent.

## OPINION

TYLER, District Judge.

On March 10, 1966, this court denied an application of Lloyd Jackson for a writ of habeas corpus. See United States ex rel. Jackson v. Warden of Green Haven State Prison, Civ. no 65-3266, S.D.N.Y., March 10, 1966. On March 17, 1966, Jackson filed a petition for a certificate of probable cause and an affidavit for leave to appeal *in forma pauperis*. With Jackson's consent, this court treated this petition as a motion for reargument and assigned Leon Polsky, Esq. of the Legal Aid Society to represent Jackson on the motion for reargument.

Jackson is presently incarcerated in Green Haven State Prison pursuant to a sentence imposed after a plea of guilty to the charge of felonious possession of narcotic drugs with intent to sell. Jackson alleges that his detention is in violation of his rights as guaranteed by the Fourth Amendment.

After being indicted by a grand jury sitting in New York County, Jackson moved to suppress the evidence which was seized as a result of a search of his person on the night of his arrest. He contended, and still contends, that the search of his person was unlawful because it was not executed pursuant to a search warrant or incident to a valid arrest. The motion to suppress was denied after a hearing. Jackson then entered a plea of guilty and was sentenced to a term of 3 to 6 years. Following this, Jackson appealed the judgment of conviction, which, though predicated upon a plea of guilty, under New York law may be appealed for the purpose of obtaining a review of the denial of the

motion to suppress. See N.Y.Code Crim. Procedure § 813-c. The Appellate Division, First Department, affirmed the judgment of conviction—i. e., found that the search of petitioner was not unlawful. Leave to appeal to the Court of Appeals was denied.

■ In denying petitioner's application for habeas corpus, this court followed the well-settled federal rule that a plea of guilty, voluntarily entered, is a waiver of all non-jurisdictional defects. See United States ex rel. Glenn v. McMann, 349 F.2d 1018, 2 Cir., 1965; United States v. Cariola, 323 F.2d 180, 3 Cir., 1963; United States v. Hetherington, 279 F.2d 792, 793, 7 Cir., 1960. Thus, I earlier held that Jackson, by pleading guilty, had waived the right to challenge in the federal courts the legality of the arrest and subsequent search and seizure.

Upon re-examination of the conceptual problems involved in this case, however, I have become convinced that the aforementioned federal rule is not applicable to Jackson's case.

■ In the federal courts, a plea of guilty, if accepted, is an admission of all of the allegations charged in the indictment or information. Before a federal district judge can accept a plea of guilty, he must be satisfied that the defendant is voluntarily entering the plea of guilty with full understanding of the nature of the charges made in the indictment (or information), his available defenses and the consequences of such a plea.[1] See United States v. Cariola, 323 F.2d 180, 3 Cir., 1963; United States v. Hetherington, 279 F.2d 792, 7 Cir., 1960; Bloombaum v. United States, 211 F.2d 944, 4 Cir., 1954. If a federal court is satisfied that a conviction is based upon a plea of guilty which was entered voluntarily and with knowledge of its consequences, either in a state or federal forum, then it will not permit a col-

---

1. Rule 11, Federal Rules of Criminal Procedure provides, in part, that: "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

lateral attack on that conviction. United States ex rel. Boucher v. Reincke, 341 F.2d 977, 2 Cir., 1965; United States ex rel. Glenn v. McMann, 349 F.2d 1018, 2 Cir., 1965. The only way in which the conviction may be attacked after a voluntary plea of guilty is for the defendant to show that the court which entered the judgment of conviction had no jurisdiction so to do. Michener v. United States, 170 F.2d 973, 8 Cir., 1948. The reasoning which supports this rule is simply that when a person pleads guilty knowingly, he admits all of the non-jurisdictional facts contained in the indictment or information, thus eliminating the need for the prosecutor to prove guilt beyond a reasonable doubt. LaFever v. United States, 257 F.2d 271, 7 Cir., 1958; Bloombaum v. United States, 211 F.2d 944, 4 Cir., 1954. In short, a plea of guilty is an admission of the violation of law charged in the indictment. United States v. Cariola, 323 F.2d 180, 3 Cir., 1963; Bloombaum v. United States, supra.

■ One who pleads guilty is deemed to have "waived" his right to challenge anything which occurred prior to trial which is non-jurisdictional. United States v. Hetherington, supra; Berg v. United States, 176 F.2d 122, 9 Cir., 1949. One of the non-jurisdictional defects which is waived by a plea is evidence which, according to the defendant, was unconstitutionally seized. Mahler v. United States, 333 F.2d 472, 10 Cir., 1964; Hoffman v. United States, 327 F.2d 489, 9 Cir., 1964; Thomas v. United States, 290 F.2d 696, 9 Cir., 1961. The rationale here is that no evidence was used against the defendant to obtain his conviction. His conviction was based squarely upon his plea of guilty. The defendant, therefore, "waived" his right to challenge the constitutionality of use of the evidence against him. Although the voluntariness of a guilty plea may be challenged in a collateral proceed-

ing,[2] a defendant therein may not claim that his plea of guilty was involuntary in the sense that the denial of his suppress motion was "coercive".[3] See United ed States v. Doyle, 348 F.2d 715, 2 Cir., 1965; Winston v. United States, 224 F.2d 337, 2 Cir., 1955; Alexander v. United States, 290 F.2d 252, 5 Cir., 1961. Thus, the traditionally proper way for a defendant to challenge evidence which he contends was unconstitutionally obtained has been to make a pre-trial motion to suppress and, if this motion is denied, to go to trial, where he can again move to suppress the evidence. At least in those states permitting the procedure of a suppress motion, a defendant, if convicted, usually may then raise the issue on appeal, and may also raise this issue in a collateral proceeding in the state and federal courts.

Although this is the procedure used in the federal system and in most states, New York recently has provided, by statute, an alternative procedure for litigating the issue of whether or not evidence in a criminal case was obtained unconstitutionally. Section 813-c of the New York Code of Criminal Procedure states that:

"A person claiming to be aggrieved by an unlawful search and seizure and having reasonable grounds to believe that the property, papers or things, hereinafter referred to as property, claimed to have been unlawfully obtained may be used as evidence against him in a criminal proceeding, may move for the return of such property or for the suppression of its use as evidence. The court shall hear evidence upon any issue of fact necessary to determination of the motion.

If the motion is granted, the property shall be restored unless otherwise subject to lawful detention, and in any event it shall not be admissible in evidence in any criminal proceeding against the moving party.

---

2. Reed v. United States, 291 F.2d 856, 4 Cir., 1961.

3. This is one of the arguments which petitioner made in his original application for habeas corpus and again in his motion for reargument. This court expressly rejects this argument.

If the motion is denied, the order denying such may be reviewed on appeal from a judgment of conviction notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty."

This statute went into effect on April 29, 1962. A major impetus for the enactment of this statute was the Supreme Court's ruling in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) that evidence obtained by searches and seizures in violation of the United States Constitution is inadmissible in state courts. Accordingly the enactment of Section 813-c was designed to provide a procedural vehicle by which a criminal defendant can challenge the constitutionality of evidence which might be used against him.[4] A motion made pursuant to Section 813-c must be made prior to trial unless a defendant is able to come within one of the three exceptions, not pertinent here, provided by the statute.[5] Once the motion is decided, the determination is binding upon the trial judge, unless the defendant obtains additional evidence after the determination of the motion which he could not have obtained with due diligence before the making thereof.[6] It has been held that, pursuant to this statute, a defendant may appeal a denial of a motion to suppress although the evidence in question does not relate to the count(s) of the indictment to which the defendant pled guilty.[7] People v. Lakin, 21 A.D.2d 902, 251 N.Y.S.2d 745 (2d Dept. 1964).

Section 813-c apparently has the effect of deracinating the traditional meaning and ramifications of a plea of guilty. Its effect is to preserve the alleged non-jurisdictional defect of an unlawful search and seizure, which is a federal question, beyond the plea and allow it to be further litigated in the state appellate courts. Thus, if this court were to literally follow the long-pertaining federal rule, a defendant who pleads guilty pursuant to Section 813-c is placed in the anomalous position of on the one hand preserving a federal constitutional issue for further litigation in the state courts while at the same time extinguishing his right to have this federal constitutional issue reviewed by a federal district judge on a writ of habeas corpus after exhaustion of his state remedies.

In addition to the case at bar, this issue has been presented to at least one other judge of this court and to the District Court for the Northern District of New York. See United States ex rel. LaMonica v. Buono, 257 F.Supp. 504 (S.D.N.Y.1966); United States ex rel. Rogers v. Warden, 255 F.Supp. 516 (N.D.N.Y.1965). The holding in both of these decisions was that, despite Section 813-c, the constitutional question of whether a search and seizure was illegal does not survive a guilty plea. Both of these cases rely upon our Court of Appeals opinion in United States ex rel. Glenn v. McMann, 349 F.2d 1018, 2 Cir., 1965. There Glenn pled guilty to a charge of second degree murder in a New York court. He applied for a federal writ of habeas corpus which was denied for failure to exhaust state remedies. Glenn's alleged basis for habeas corpus relief was that his plea of guilty was unconstitutionally coerced by an involuntary confession. The Court of Appeals held, "A voluntary guilty plea entered on advise of counsel is a waiver of all non-jurisdictional defects in any prior stage of the proceeding against him." Id. at 1019. But Glenn had not proceeded under Section 813-c—or, more precisely, under Section 813-g, a companion section of similar effect with relation to motions to suppress

---

4. See Interim Report of the State of New York Temporary Commission on Revision of the Penal and Criminal Code at 19 (1962).

5. N.Y.Code Crim.Procedure, § 813-d.

6. N.Y.Code Crim.Procedure, § 813-d(2).

7. Jackson was indicted for feloniously possessing a narcotic drug with intent to sell and for feloniously possessing a narcotic drug. He pled guilty to attempted felonious possession of a narcotic drug to cover the second count of the indictment.

involuntary confessions. Moreover, Glenn did not even attempt to appeal after his plea of guilty. The only relevance of the *Glenn* case to the issue before this court, then, is its restatement of the well-established federal rule that a plea of guilty is a waiver of all non-jurisdictional defects.

■ The Supreme Court of the United States has consistently held that it is a valid exercise of state power for a state to enact procedural rules which prescribe a method or methods for litigating federal constitutional questions as long as due process requirements are met. Williams v. State of Georgia, 349 U.S. 375, 75 S.Ct. 814, 99 L.Ed. 1161 (1955); Parker v. People of State of Illinois, 333 U.S. 371, 68 S.Ct. 708, 92 L.Ed. 886 (1948); Radio Station WOW Inc. v. Johnson, 326 U.S. 120, 65 S.Ct. 1475, 89 L.Ed. 2092 (1945); Pennsylvania R. Co. v. Illinois Brick Co., 297 U.S. 447, 56 S.Ct. 556, 80 L.Ed. 796 (1936); Central Union Telephone Co. v. City of Edwardsville, 269 U.S. 190, 46 S.Ct. 90, 70 L.Ed. 229 (1925). These decisions require a litigant to give the state an opportunity to pass upon the federal constitutional question in a manner prescribed by the state. As long as a state procedure is available for litigating a constitutional question and the defendant has the opportunity to take advantage of this procedure, he cannot "deliberately by-pass"[8] this procedure. If he does, then the federal courts will hold that he has "waived" the right to have his federal claim litigated.

■ If a state procedure which has the effect, if not followed, of extinguishing a federal right can be held to bar federal court examination of that federal right, logic compels the conclusion that a state procedure which preserves a federal right after a plea of guilty

should have the effect of preserving that right for federal court review, either by writ of certiorari to the Supreme Court or by petition for habeas corpus to any federal court.

■ Unfortunately, Section 813-c has not been in existence long enough for the New York courts to have fully interpreted its meaning and effect. It appears from the face of the statute that New York has afforded an unsuccessful movant for an order of suppression of evidence the right to make a conditional plea of guilty. Whether in the practical, if not legal, sense a particular defendant is entering a conditional or an unconditional plea of guilty probably can only be determined after the time for filing a notice of appeal has expired. If the defendant prosecutes a state appeal, then it might be said that his plea of guilty was conditional. In other words, he never intended to relinquish his right to have decided the issue of whether or not evidence should have been suppressed because unconstitutionally seized. On the other hand, a defendant who is aware of his right to appeal but neglects to do so can be said to have entered an unconditional plea of guilty. Just because a conditional plea of guilty is unknown to federal jurisprudence, it would be a mistake to conclude that New York is without the power to enact a statute which has the effect of producing such pleas. If New York can show that a legitimate state interest is served by such a statute, and so long as the enactment and implementation of that statute complies with federal due process requirements, then it is beyond the power of the federal courts to invalidate the statute. See West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703 (1937); Nebbia v. People of State of New York, 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1934); Jones

---

8. In Fay v. Noia, 372 U.S. 391 at 439, 83 S.Ct. 822, at 849, 9 L.Ed.2d 837 (1963), the court held that if "after consultation with competent counsel or otherwise", the petitioner "understandingly and knowingly forewent the privilege of seeking to vindi-cate his federal claims in the state courts, whether for strategic, tactical, or any other reason * * *" he is deemed to have deliberately by-passed state procedure and will be denied federal review of his federal claim(s).

v. City of Portland, 245 U.S. 217, 38 S.Ct. 112, 62 L.Ed. 252 (1917).

New York, it would appear, has fulfilled a legitimate state interest by enacting Section 813-c. To be sure, I cannot say precisely what the intent or purpose of the New York legislature was in enacting this statute. But almost certainly New York by enacting this statute was attempting to provide full appellate review of federal constitutional issues in its courts, while at the same time eliminating time-consuming and expensive trials where the only issue is the admissibility or inadmissibility of evidence seized from the defendant. In itself, this policy would constitute a reasonable and legitimate state interest to be served by legislative enactment.

 It would be unreasonable, then, for a federal court to deny a defendant who followed this state procedure the right to federal review of a bona fide federal question unless at the time he entered the plea of guilty he knew that it would have the effect of precluding federal habeas review. I find it difficult to believe that a defendant who pleads guilty after his motion to suppress has been denied, knowing that he has a right to a state appeal, "intentionally and knowingly" relinquishes his right to federal habeas corpus. Indeed, there must be a presumption that such a defendant assumed no bar to his federal remedies, especially where he carefully prosecutes and exhausts his state appellate rights. I conclude, therefore, that Jackson's plea of guilty was a conditional plea.[9] Merely by appealing the denial of the motion to suppress, Jackson effectively laid to rest any intention of "waiving" this alleged irregularity which, if valid, amounted to a non-jurisdictional defect. Thus, since the question of the validity of Jackson's arrest and subsequent search was preserved by New York procedure, and because the exhaustion of state remedies requirement has been fulfilled, this court must examine the merits of his contentions.

Jackson asserts that his arrest was unlawful because there was no probable cause for the arrest and no search warrant. Consequently, he says, the search of his person and seizure of narcotics therefrom was also unlawful since not incident to a valid arrest. I find this claim without merit upon the full record of the hearing and other state proceedings.

Petitioner was arrested by a detective assigned to the Narcotics Bureau of the Police Department. After receiving information from an undisclosed informer to the effect that a delivery of narcotics was to be made in a certain building, at a certain time, by a person whom the informer described in detail, the detective went to the described premises. Jackson, who fitted the description given by the informer, entered the building at approximately the time indicated by the latter. When the detective, who observed bulges in one of Jackson's coat pockets, began to question him about narcotics, Jackson attempted to run away. At this point, the detective placed Jackson under arrest, searched him and found the narcotics.

 Although the foregoing is only a skeletal outline of the facts, it is clear that there was probable cause for the arrest. The trial judge who heard the motion to suppress was satisfied that the informer was reliable and that, before the arrest occurred, the detective had verified the information given by the informer. The trial court, however, refused to require the prosecutor to reveal the identity of the informer. In New York, the applicable rule is that disclosure of the informer's identity is required unless there is sufficient evidence, apart from the communication of the informer, to establish probable

---

9. In point of fact, Jackson in effect claims that he expected to be able to pursue his federal remedy if necessary, and no one advised him that his plea of guilt pursuant to Section 813–c would bar him from doing so.

cause. People v. Malinsky, 15 N.Y.2d 86, 255 N.Y.S.2d 850, 204 N.E.2d 188 (1965); see also, People v. Coffey, 12 N.Y.2d 443, 240 N.Y.S.2d 721, 191 N.E.2d 263 (1963). Notwithstanding the nondisclosure of the informer in this case, there was sufficient independent corroborative evidence on which the officer could have, and did, make the arrest. The officer personally verified every facet of the information given by the informer, which, in and of itself, has been held to constitute sufficient probable cause to make an arrest. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Moreover, in addition to his personal verification, the detective observed bulges in petitioner's coat pocket; still further, there was Jackson's attempted flight during questioning. Certainly these factors were enough to tip the balance in favor of probable cause. "Probable cause exists where 'the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 333 (1959). Since petitioner's arrest was valid and lawful, the search incident to that arrest was permissible. See United States v. DiRe, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); United States v. Smith, 308 F.2d 657, 2 Cir., 1962; Bolger v. United States, 189 F. Supp. 237 (S.D.N.Y.1960).

Jackson presents other vague and conclusory allegations of constitutional deprivations. These allegations are so patently without merit that they do not deserve further comment.

Accordingly, for the reasons set forth herein this court's memorandum decision of March 10, 1966 is modified in respect to its discussion and disposition of the threshold question of jurisdiction. The end result, however, remains the same—the writ is denied. It is so ordered.