UNITED STATES ex rel. James Glenn, Petitioner,

v.

Hon. Daniel McMANN, Warden, Clinton State Prison, Dannemora, New York, Respondent.

Docket MR469.

United States Court of Appeals Second Circuit.

Aug. 26, 1965.

Hays, Circuit Judge, dissented.

———◇———

James Glenn, pro se.

Lillian Z. Cohen, Deputy Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent.

Before LUMBARD, Chief Judge, and HAYS and ANDERSON, Circuit Judges.

LUMBARD, Chief Judge.

Appellant seeks leave to proceed *in forma pauperis* and asks for the assignment of counsel.

Pursuant to his plea of guilty given in open court while he was represented by three lawyers, appellant was convicted of second degree murder and sentenced to imprisonment for 40 years to life by the Court of General Sessions in New York County on June 26, 1962. In this appeal, he is seeking reversal of the denial by the United States District Court for the Northern District of New York, James T. Foley, J., without evidentiary hearing, of his application for a writ of habeas corpus. Appellant claims that his plea of guilty was unconstitutionally coerced by the existence of a confession that had been wrung from him involuntarily. Judge Foley denied appellant's application on the ground that appellant had failed to exhaust state remedies.

A voluntary guilty plea entered on advice of counsel is a waiver of all non-jurisdictional defects in any prior stage of the proceedings against him. United States ex rel. Swanson v. Reincke, 344 F.2d 260 (2d Cir. 1965); United States ex rel. Boucher v. Reincke, 341 F.2d 977 (2d Cir. 1965). Any language to the contrary in United States ex rel. Vaughn v. LaVallee, 318 F.2d 499 (2d Cir. 1963) is herewith disavowed. In this posture, it is unnecessary to decide whether the District Court erred in concluding that appellant failed to exhaust his state remedies.

Petitioner's motions are denied. The respondent's cross-motion to dismiss the appeal is granted.

HAYS, Circuit Judge, dissents and votes to grant the petitioner's motions.