**UNITED STATES of America ex rel. Louis Herbert MARTIN, Petitioner-Appellant,**

v.

**Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.**

No. 82, Docket 29684.

United States Court of Appeals Second Circuit.

Submitted Oct. 7, 1965.

Decided Nov. 8, 1965.

and (3) that relevant exculpatory evidence had been suppressed by the prosecution.

An examination of the facts and circumstances surrounding the taking of the plea convinces us that the plea was made voluntarily, the colloquy between the sentencing judge and appellant being decisive. As we have recently held in United States ex rel. Glenn, "A voluntary guilty plea entered on advice of counsel is a waiver of all non-jurisdictional defects in any prior stage of the proceedings" against the defendant. United States ex rel. Glenn v. McMann, 349 F.2d 1018, 2d Cir., August 26, 1965. See also United States ex rel. Swanson v. Reincke, 344 F.2d 260 (2 Cir. 1965); United States ex rel. Boucher v. Reincke, 341 F.2d 977 (2 Cir. 1965).

Affirmed.

WATERMAN, Circuit Judge (concurring in the result):

I concur with my brothers in affirming the court below. But as their opinion is unclear to me I append this separate concurring statement.

The word "voluntary" as used by them is ambiguous. For instance, relator claims in the present case that his guilty plea was not voluntary because it was required by an alleged prior forced confession. He has not demonstrated in his petition that a hearing on the merits of this claim in a federal court would prove that allegation. Nevertheless, I can conceive of situations in which a plea of guilty upon the advice of counsel would have been caused by circumstances entitling the defendant to challenge his own act on the ground it was a compelled act. It is difficult to determine from the majority opinion whether my brothers reject relator's contention as one unworthy of belief because of an explanatory courtroom colloquy the relator had with the sentencing judge, or reject it as a matter of law on the postulate that any guilty plea entered on the advice of counsel is *per se* "voluntary." However, as they cite Glenn and other similar cases, I conclude that the ma-

Louis Herbert Martin, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., and Barry Mahoney, Asst. Atty. Gen., New York City, for respondent-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

PER CURIAM.

On January 22, 1959, upon advice of counsel and in open court, appellant pleaded guilty to a charge of murder in the second degree and was sentenced to a term of thirty years in prison by the Westchester County Court of the State of New York. In this appeal, he is seeking reversal of the denial by the United States District Court for the Southern District of New York, without hearing, of his application for a writ of habeas corpus. Appellant claims (1) that he was deprived of his right to counsel during the post-arrest interrogation, (2) that he pleaded guilty because a coerced confession had been obtained from him

jority may have in mind that unless a guilty plea is the product of force directly applied to the speaker at the time he pronounces the word "Guilty," no extenuating circumstances of any kind will justify a court in inquiring into events preceding this plea.

Among appellant's allegations that his constitutional rights were violated by New York officers in 1958 is a claim that he requested the assistance of counsel during his alleged unfair post-arrest station house interrogation which culminated in his confession, and that counsel was denied him. Both the People and the relator agree that this claim has never been presented to a New York state court. Accordingly, as to this allegation, appellant has failed to exhaust state remedies presently available to him, and surely the New York courts should have the first opportunity to consider the truth of this allegation, and, if true, what bearing that circumstance had upon the voluntariness of relator's plea.