**UNITED STATES of America ex rel. Manuel M. PIZARRO a/k/a Ralph Riveria, Relator-Appellant,**

v.

**Edward M. FAY, Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.**

**No. 172, Docket 29761.**

United States Court of Appeals Second Circuit.

Argued Nov. 17, 1965.

Decided Dec. 14, 1965.

Donald L. Collins, Brooklyn, N. Y. (Michael W. Brinitzer and Cullen & Dykman, Brooklyn, N. Y., on the brief), for relator-appellant.

Lillian Z. Cohen, Asst. Atty. Gen., New York City (Samuel A. Hirshowitz, First Asst. Atty. Gen., and Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM:

Relator Manuel M. Pizarro was charged in two indictments handed down by a Nassau County Grand Jury on April 28, 1959 with robbery, grand larceny and assault. He was arraigned on the first indictment on February 17, 1960, at which time a not guilty plea was entered for him, and on the second indictment on February 23, 1960, when, being represented by assigned counsel, he pleaded not guilty. On June 2, 1960, relator agreed, through his counsel, to change his plea to one of guilty to robbery in the second degree in full satisfaction of all counts in both indictments. He is presently serving a 20–30 year sentence imposed on the basis of his plea of guilty. He appeals from an order denying his petition for a writ of habeas corpus, claiming violation of his constitutional rights.

The gravamen of Pizarro's constitutional claim is that the delay of ten months between indictment and arraignment deprived him of due process of law.

He asserts that he was in the custody of various state and New York City authorities for the entire ten-month period in question and that he could and should have been informed of the indictments and arraigned at an earlier time.

 By pleading guilty to the charge of second degree robbery, relator waived his constitutional claim, for "a voluntary guilty plea entered on advice of counsel is a waiver of all non-jurisdictional defects in any prior stage of the proceedings against him." United States ex rel. Glenn v. McMann, 2 Cir., 1965, 349 F.2d 1018, 1019. After consulting with counsel, Pizarro changed his plea from not guilty to guilty without challenging the ten-month delay between indictment and arraignment. He makes no allegation that he was coerced or tricked into changing his plea or that it was in any other manner involuntary. Cf. United States ex rel. Marinaccio v. Fay, 2 Cir., 1964, 336 F.2d 272. Thus, the guilty plea effectively waived whatever claim Pizarro might have had that the delay deprived him of due process of law under the Fourteenth Amendment. And, although the speedy trial provision of the Sixth Amendment has not been held applicable to the states, it is interesting to note that the right to a speedy trial under that provision may also be waived. See United States v. Lustman, 2 Cir., 1958, 258 F.2d 475, 478, cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109; and see United States v. Kelly, 2 Cir., 1965, 349 F.2d 720, 768. Moreover, waiver of the New York State right to a speedy trial, New York Code of Criminal Procedure, Section 8, is also effected by pleading guilty without objecting to delay. See Code of Criminal Procedure, Section 668; People v. Langford, 1958, 5 A.D.2d 938, 172 N.Y.S.2d 211. See generally, United States ex rel. Ciehala v. LaVallee, 2 Cir., 1963, 312 F.2d 308. It is thus apparent that relator waived his claim that his constitutional rights were infringed. The petition for habeas corpus was, therefore, properly denied.

We are grateful to Donald L. Collins and Michael W. Brinitzer for their excellent presentation of legal arguments on relator's behalf as assigned counsel.

Affirmed.