**UNITED STATES of America ex rel. Peter COLON (#42645), Petitioner,**

**v.**

**Daniel McMANN, as Warden of Clinton State Prison, Dannemora, N. Y., Respondent.**

United States District Court
E. D. New York.
June 2, 1967.

Peter Colon, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York State, New York City, for defendant.

## MEMORANDUM AND ORDER

BARTELS, District Judge.

This is an application for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254. Petitioner was sentenced by the County Court, Kings County on March 1, 1961 to an indeterminate term of five to ten years at hard labor upon a plea of guilty to manslaughter, second degree, after having been indicted for murder, first degree.

Essentially petitioner charges that his plea of guilty was involuntary because it was induced by fear of the introduction into evidence of a 19-page confession which he alleges was involuntary because made at the time he was insane and pursuant to coercion of his attorney. According to him, the confession was further tainted because he was not advised of his right to remain silent or to be represented by counsel. In support of this claim, he explains that shortly after the commission of the crime and his subsequent confession, he was committed to the Kings County Hospital for psychiatric examination and then to Matteawan State Hospital on February 22, 1958, where he remained until July, 1960, and that although two psychiatrists were appointed to examine him pursuant to a motion by his counsel, he never had an opportunity to establish, by records or otherwise, that he was insane at the time of the commission of the crime or at the time of the confession because, among other things, his counsel failed to adequately represent him on this issue.

The basic issue here is whether the petitioner's plea of guilty was voluntary or involuntary. According to the record, before the plea was accepted the petitioner stated to the court that he had read his confession, that he understood the charge, that he was guilty and that the plea was voluntary. At the coram nobis hearing in the Supreme Court,

Kings County, the issue of whether his assigned counsel had badgered him into pleading guilty was considered and decided adversely to the petitioner. The order of the Supreme Court was then unanimously affirmed by the Appellate Division, Second Department and the application for permission to appeal to the Court of Appeals was denied.

This Court finds from an examination of the record that the demands of due process have been satisfied and there is no necessity for any further evidentiary hearing upon the question. A voluntary plea of guilty by a defendant on advice of counsel is a waiver of all non-jurisdictional defects in any prior state of the proceeding. United States ex rel. Glenn v. McMann, 2 Cir. 1965, 349 F.2d 1018, cert. denied, 1966, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669; United States ex rel. Swanson v. Reincke, 2 Cir. 1965, 344 F.2d 260, cert. denied, 382 U.S. 869, 86 S.Ct. 144, 15 L.Ed.2d 108; see also, United States ex rel. Martin v. Fay, 2 Cir. 1965, 352 F.2d 418. There may be cases where a plea of guilty was not voluntary and the accompanying waiver not valid, but in such cases petitioner must at least clearly demonstrate in his petition that a hearing on the merits of such a claim is amply justified. This the petitioner in this case has failed to do.

Petitioner's claim of inadequate representation of counsel is also unsupported by any statement of facts or circumstances entitling him to an evidentiary hearing upon this issue. The problem of advising a client to plead guilty or not guilty involves consideration of many elements and the exercise of sound judgment under all the circumstances. That counsel advised petitioner to plead guilty to manslaughter, second degree, rather than risk a trial for murder is a matter of strategy and the ability to persuade the prosecutor to accept such a lesser plea is often in itself a demonstration of able and competent legal representation. It is not to be presumed that such advice is any indication of incompetency. It is possible for inadequate representation of counsel to assume under certain circumstances a Constitutional dimension, but these are extreme cases in which the petitioner bears a very heavy burden of proof. United States ex rel. Boucher v. Reincke, 2 Cir. 1965, 341 F.2d 977; United States v. Wight, 2 Cir. 1949, 176 F.2d 376, 379, cert. denied, 1950, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586; United States v. Garguilo, 2 Cir. 1963, 324 F.2d 795. No such circumstances exist in the present application.

Petition denied. This is an order.