**UNITED STATES of America ex rel. Anthony PIRACCI, Petitioner,**

**v.**

**Hon. Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.**

**No. 68 Civ. 836.**

United States District Court

S. D. New York.

May 4, 1968.

Anthony Piracci pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for respondent; Brenda Soloff, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, now serving a prison term of seven and a half to fifteen years at Green Haven Prison, Stormville, New York, upon his plea of guilty to a reduced charge of manslaughter in the first degree, entered in the Supreme Court of the State of New York, Kings County, seeks his release upon a federal writ of habeas corpus. He was indicted for murder in the first degree which, in the event of a conviction, would have permitted the imposition of the death penalty.

After a four-day trial, during which the prosecution called sixteen witnesses, privately retained counsel requested a recess. Petitioner, after consultation with his lawyer and members of his family, was permitted to plead to the reduced charge. Prior to sentence the petitioner moved for the withdrawal of his plea, as to which an evidentiary hearing was conducted by the trial judge. The minutes of this hearing have been submitted on this application, and it appears therefrom that the state hearing was adequate and complete and that no further hearing is required.[1] Petitioner there raised the same contentions as here urged to void the judgment of conviction. These were that (1) he was denied advice as to his constitutional rights while detained at a police station during which he made a confession; (2)

---

1. United States ex rel. Robinson v. Fay, 348 F.2d 705 (2d Cir. 1965), cert. denied, 382 U.S. 997, 86 S.Ct. 583, 15 L.Ed.2d 484 (1966).

his plea of guilty was induced by the existence of the confession, and also because of the probability that if he proceeded with the trial he faced the electric chair if convicted.

The state court rejected petitioner's contentions. A careful reading of the entire record is fully persuasive that that determination was fully warranted. Indeed, the record permits no other disposition.

 First, the petitioner's attack upon the confession obtained at the station house is without factual resemblance to the *Escobedo*[2] and *Miranda*[3] cases upon which he relies. Further, since petitioner's trial commenced before those rulings were rendered, they do not apply to him.[4] In addition, a voluntary guilty plea by a defendant represented by counsel constitutes a waiver of all nonjurisdictional defects in any prior stage of the proceedings against him.[5] Finally, on this aspect of petitioner's claim, the confession was not used upon his trial.

 Petitioner's claim that the plea of guilty was induced or coerced meets vigorous challenge from the record. The plea, as the minutes show, was accepted by the court only after it conducted a most searching inquiry to assure that it was knowingly, intelligently and voluntarily made, and only after petitioner admitted his participation in the murder and the details of his role therein. Prior thereto the petitioner, of course, had heard the sixteen witnesses called by the state, and was aware of the strength of its case against him. He had, both upon the trial and during the course of his consideration of the withdrawal of the plea, the benefit of the advice and guidance of his privately retained counsel. It is of significance that on the hearing for the withdrawal of the guilty plea petitioner's trial counsel, who still represented him and was an active participant in the events which preceded the entry of the guilty plea, did not testify; clearly it was within his knowledge to have suggested any circumstance to impugn the validity of the plea; yet, he was not called as a witness. Also, petitioner's attorney of record, his sister's brother-in-law, who was present in the courtroom when petitioner entered his plea and heard his admission of guilt, interposed no objection to its entry. Finally, petitioner himself, who is charging coercion in the entry of the plea, failed to testify in support of his claim.

 Petitioner's assertion that his family and counsel advised him to plead guilty affords no basis for a constitutional attack upon the voluntariness of the plea.[6]

The petition is dismissed upon the merits.

2. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

3. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

5. United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2d Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed. 2d 669 (1966). See United States ex rel.

Swanson v. Reincke, 344 F.2d 260 (2d Cir.), cert. denied, 382 U.S. 869, 86 S.Ct. 144, 15 L.Ed.2d 108 (1965); United States ex rel. Boucher v. Reincke, 341 F.2d 977 (2d Cir. 1965).

6. See United States ex rel. Martin v. Fay, 352 F.2d 418 (2d Cir. 1965), cert. denied sub nom. Martin v. Follette, 384 U.S. 957, 86 S.Ct. 1581, 16 L.Ed.2d 552 (1966); United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2d Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 108 (1966).