**George C. YEARWOOD, Petitioner,**
**v.**
**UNITED STATES of America,**
**Respondent.**
**No. 68 Civ. 4247.**

United States District Court
S. D. New York.
Jan. 22, 1969.

---

George C. Yearwood, pro se.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, for the United States, Paul B. Galvani, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, currently serving a five-year sentence for the unlawful sale of narcotic drugs in violation of 26 U.S.C. section 4705(a), moves to vacate the judgment of conviction pursuant to 28 U.S.C. section 2255, or in the alternative to withdraw his guilty plea under Rule 32(d) of the Federal Rules of Criminal Procedure. The petition rests upon his unsworn allegation that the plea was involuntary in that the Court failed to explain to him either that an essential element of the crime was his knowledge of the illegal importation of the narcotics,

or that he had a right to explain his possession of the drugs to a jury.

▪ Petitioner was indicted under four separate counts, two of which charged the above violations for selling narcotic drugs without a written order form and to which he pled guilty, and two of which charged violations of sections 173–174 of Title 21 (selling, transporting or facilitating in the sale or transportation of narcotics). When petitioner was sentenced, the latter counts, to which he had pled not guilty, were dismissed. As to the counts to which he pled guilty, neither illegal importation nor knowledge thereof is an element of the offense, and the claimed right to explain possession of narcotics to rebut the inference flowing from possession is irrelevant.

▪▪ Petitioner's alternative motion for leave to withdraw his plea of guilty apparently rests upon a suggestion that he was deprived of a defense of entrapment based upon the narcotic sales to a government agent. The petition, as already noted, is unverified and no factual allegations support the contention which is in conclusory form. This alone warrants denial of the application.[1] Moreover, the plea of guilty waived all non-jurisdictional claims.[2] The defense could have been advanced upon a trial. No allegation is set forth why petitioner did not proceed to trial upon this issue. He was represented by competent counsel, as the minutes of the entry of the plea in-

1. Schawartzberg v. United States, 379 F.2d 551, 552 (2d Cir.), cert. denied, 389 U.S. 901, 88 S.Ct. 225, 19 L.Ed.2d 224 (1967); Castellana v. United States, 378 F.2d 231, 234 (2d Cir. 1967); United States ex rel. Rambert v. State, 358 F.2d 715, 716–717 (2d Cir. 1966); United States ex rel. White v. Fay, 349 F.2d 413, 414 (2d Cir. 1965); United States ex rel. Marinaccio v. Fay, 336 F.2d 272, 274 (2d Cir. 1964); United States ex rel. Homchak v. People, 323 F.2d 449, 450–451 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States v. Molino, 240 F.Supp. 332 (S.D.N.Y.1965). Cf. United States v. Sherman, 200 F.2d 880, 882 (2d Cir. 1952).

2. United States ex rel. Pizarro v. Fay, 353 F.2d 726, 727 (2d Cir. 1965); United

States ex rel. Martin v. Fay, 352 F.2d 418, 419 (2d Cir. 1965), cert. denied sub nom. Martin v. Follette, 384 U.S. 957, 86 S.Ct. 1581, 16 L.Ed.2d 552 (1966); United States ex rel. Glenn v. McMann, 349 F.2d 1018, 1019 (2d Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966); United States v. Doyle, 348 F.2d 715, 718 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed. 2d 84 (1965); United States ex rel. Boucher v. Reincke, 341 F.2d 977, 980–81 (2d Cir. 1965); United States v. Spada, 331 F.2d 995, 996 (2d Cir.), cert. denied, 379 U.S. 865, 85 S.Ct. 130, 13 L.Ed.2d 67 (1964); United States v. Parrino, 212 F.2d 919, 922 (2d Cir.), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954).

dicate.[3] They also indicate the guilty plea was accepted only after the Court had extensively questioned the defendant to ensure that he not only fully understood the charges but also freely acknowledged the essential elements of the crime and that the plea was indeed voluntarily entered.

The petition is dismissed.

---

3. Cf. United States ex rel. Martin v. Fay, 352 F.2d 418, 419 (2d Cir. 1965), cert. denied sub nom. Martin v. Follette, 384 U.S. 957, 86 S.Ct. 1581, 16 L.Ed.2d 552 (1966).