**UNITED STATES ex rel. Willie RICHARDSON, Appellant,**

v.

**Daniel McMANN, Warden, Clinton Prison, Dannemora, New York, Appellee.**

**No. 371, Docket 31402.**

United States Court of Appeals Second Circuit.

Argued April 1, 1968.

Decided Feb. 26, 1969.

John T. Baker, New York City, for appellant.

Lillian Z. Cohen, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for appellee, Lillian Z. Cohen, Asst. Atty. Gen., of counsel.

Before MOORE, WOODBURY * and SMITH, Circuit Judges.

MOORE, Circuit Judge:

This is an appeal from an order denying appellant's [1] petition for a writ of habeas corpus, for reargument and for a certificate of probable cause without an evidentiary hearing to determine the voluntariness of appellant's plea of guilty *of second degree murder in the Supreme Court, New York County* (28 U.S.C. § 2253).

On March 24, 1963, two of appellant's relatives were found murdered in their apartment and on the same day appellant was taken into custody. He told the police that he had been in his relatives' apartment at the time an altercation between them began and claimed that he had attempted to break it up and, in so doing, got blood on his clothes. He was later booked for homicide and shortly thereafter, signed a confession. On April 20th, appellant was indicted in New York County, New York, for murder in the first degree and two attorneys were assigned to represent him. On that date he pleaded not guilty. On July 22nd, appellant withdrew his plea of not guilty to first degree murder and entered a plea of guilty to murder in the second degree under the first count of the indictment to cover both counts of the two-count indictment.

---

* Of the First Circuit, sitting by designation.

1. Appellant refers to relator, Willie Richardson.

He was convicted on that plea and was sentenced on October 9, 1963, to a term of 30 years to life.

A subsequent motion to suppress the confession was treated as an application for a writ of error *coram nobis* and was denied without a hearing on July 27, 1964, by the Supreme Court, New York County. The Appellate Division affirmed without opinion. People v. Richardson, 23 A.D.2d 969, 260 N.Y.S.2d 586 (1st Dep't 1965). Leave to appeal to the New York Court of Appeals was denied on June 8, 1965. State court remedies have been exhausted.

Appellant presented a petition to the district court in which he alleged in substance that his plea of guilty to a reduced charge in the State court was invalid because it was induced by the existence or threatened use of an allegedly coerced confession.

Accompanying his brief to this Court, appellant has annexed an affidavit entitled "SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS" and claims that because he was without counsel when he filed his petition he "failed to include several facts" relevant to his petition and to his appeal. This affidavit was not before the district court which had no opportunity to consider it or the "facts" therein set forth. Despite the fact that this supplemental affidavit is not a part of the district court record, it is received so that the matters therein alleged may be thoroughly investigated and, if possible, the truth ascertained.

Appellant states in this affidavit that after indictment for first degree murder (1) Alfred Rosner, Esq., was assigned to represent him; (2) that Mr. Rosner came to see him the last week of June or the first week of July 1963; (3) that his entire visit "lasted approximately 10 minutes"; (4) that although Mr. Rosner asked what happened, he "did not take any notes"; (5) that "He [Mr. Rosner] told me [appellant] that he would get paid the same amount of money for representing me [appellant] regardless of the outcome"; (6) that "He [Mr. Rosner] did not mention what he intended to do to help me [appellant] or prepare my case"; (7) that the next time (July 22, 1963) he saw Mr. Rosner after the first visit in jail was when appellant was taken to the courtroom; (8) that three or four minutes before the proceeding began, Mr. Rosner told appellant that he should change his not guilty plea to a plea of guilty of second degree murder; (9) that appellant protested that he was not guilty, that the confession was taken because of fear and physical beatings but that Mr. Rosner said that it was not the proper time to bring up the confession and that a guilty plea would save his life and "then I [appellant] could later explain by a writ of habeas corpus how my confession had been beaten out of me"; (10) that Mr. Rosner said that "the District Attorney, Mr. Hogan, was an extremely tough man and that he would be in court later"; (11) that Mr. Rosner told appellant that "the confession would in all probability get me [appellant] the electric chair and that he could attack the confession later without risking his life; that these were the motivating reasons for the change of plea, and that "I [appellant] did not plead guilty because I had committed the crime."

In contrast to this supplemental affidavit signed by Willie Richardson and notarized under a "County of New York" heading on January 15, 1968, by William E. Donahue, the record of the change of plea proceedings on July 22, 1963, before the Hon. George Postel of the New York Supreme Court, Special and Trial Term, Part 34 (appellant's appendix) shows that appellant was represented by two attorneys, Alfred I. Rosner, Esq., and William P. McCooe, Esq.; that the following colloquy took place between Court and the defendant [appellant here]:

> The Court: Now, did you discuss this case fully with Mr. McCooe and Mr. Rosner?
>
> The Defendant: Yes, sir, I did.

The Court: Did you understand them when you spoke to them about your case?

The Defendant: Yes, sir.

The Court: Were you threatened in any manner, shape, or form, by anyone in order to induce you to take this plea?

The Defendant: No, sir.

The Court: Are you taking this plea of your own free will and volition?

The Defendant: Yes, sir.

The Court: Have any promises been made to you by anyone, that is, your counsel, the District Attorney, the court officers, jail keepers, or anybody, concerning the sentence which this Court, meaning I, will impose in this case?

The Defendant: No sir.

The Court: You are taking this plea of your own free will and volition?

The Defendant: Yes, sir.

The Court: Have any promises— without any promises of whatever kind or nature so far as sentence is concerned; is that right?

The Defendant: Yes, sir.

█ In Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 757, 9 L.Ed. 2d 770 (1963), the Supreme Court stated the principle for determining when an evidentiary hearing must be held in a *habeas corpus* case:

"* * * Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts."

This basic principle holds true unless a petitioner's allegations are "vague, conclusory, or palpably incredible," Machi-

broda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), or are "patently frivolous or false," Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 119, 76 S.Ct. 223, 100 L.Ed. 126 (1956).

Shortly after the decision in Townsend v. Sain, this court had occasion to consider the requirement of holding an evidentiary hearing in a *habeas corpus* case presenting, as here, an issue of the voluntariness of a guilty plea. In United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 311–312 (2d Cir. 1963), this court stated:

"When the petition in support of an application for *habeas corpus* reveals upon its face that it is defective as a matter of law, the habeas court may dismiss the application without a hearing. * * * Moreover, a hearing is not required when the habeas court has before it a full and uncontested record of state proceedings which furnishes all of the data necessary for a satisfactory determination of factual issues. * * * When, however, petitioner alleges that a guilty plea entered by him was the product of deceit, promise, or threat, and facts are specifically set forth which support that allegation and which create issues incapable of resolution by a simple examination of the files and records before the federal District Court, that court must grant the petitioner a hearing. Certainly, petitioner cannot be denied a hearing merely because the facts asserted by him are contradicted by the answer of the State's prosecuting officers, for it is this denial which creates the factual issue to be resolved." [Citations omitted.]

The court below considered only the transcripts of the minutes of the proceedings when the plea was entered and sentence imposed along with appellant's petition, and concluded that appellant's plea was voluntarily entered and, therefore, no hearing would be necessary.

█ A conviction which is based upon an involuntary plea of guilty is inconsistent with due process of law and is

subject to collateral attack by federal *habeas corpus.* McGrath, supra, 319 F. 2d at 311; United States ex rel. Seibold v. Reincke, 362 F.2d 592, 593 (2d Cir. 1966). And the Supreme Court has stated that "a conviction following trial or on a plea of guilty based on a confession extorted by violence or by mental coercion is invalid under the Federal Due Process Clause." Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 224 (1965).

In United States ex rel. Vaughn v. LaVallee, 318 F.2d 499 (2d Cir.1963), this court stated that "[a] plea of guilty which is prompted by fear that unconstitutionally obtained evidence will be used at trial will not sustain a conviction." This statement, however, was subsequently rejected in United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2d Cir.1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966). The petitioner in *Glenn* argued that his plea of guilty had been coerced by the existence of an alleged involuntary confession. The district court, however, denied the writ of habeas corpus without an evidentiary hearing after finding that the petitioner had failed to exhaust his state remedies. This court denied the petitioner's request for leave to proceed *in forma pauperis* and for assignment of counsel on a different ground saying:

> "A voluntary guilty plea entered on advice of counsel is a waiver of all non-jurisdictional defects in any prior stage of the proceedings against him. United States ex rel. Swanson v. Reincke, 344 F.2d 260 (2d Cir.1965); United States ex rel. Boucher v. Reincke, 341 F.2d 977 (2d Cir.1965). Any language to the contrary in United States ex rel. Vaughn v. LaVallee, 318 F.2d 499 (2d Cir.1963) is herewith disavowed." 349 F.2d at 1019.

The issue of voluntariness had not been briefed, but the decision was apparently based upon a finding that the petitioner had not raised a genuine issue of fact in connection with the voluntariness of the plea.

In United States ex rel. Martin v. Fay, 352 F.2d 418 (2d Cir.1965), cert. denied, Martin v. Follette, 384 U.S. 957 86 S.Ct. 1581, 16 L.Ed.2d 552 (1966), this court reaffirmed the holding of *Glenn.* As Judge Waterman (whose concurrence was based on the exhaustion rule) pointed out, the word "voluntary" as used in the majority opinion was ambiguous, the majority opinion seemingly holding that either representation by counsel or a review of the colloquy between the prisoner and the judge was conclusive on the issue of the voluntariness of the guilty plea. Judge Waterman wrote: "I conclude that the majority may have in mind that unless a guilty plea is the product of force directly applied to the speaker at the time he pronounces the word 'Guilty,' no extenuating circumstances of any kind will justify a court in inquiring into events preceding this plea." 352 F.2d at 419–420.

The weight of authority supports the holding of *Glenn* and *Martin, supra,* to the extent that a *voluntary* guilty plea waives all non-jurisdictional defects. See United States ex rel. Rogers v. Warden, etc. 381 F.2d 209, 213 (2d Cir.1967) and cases cited therein. The explanation for this rule was given in Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), as being that "a plea of guilty differs in purpose and effect from a mere admission on an extrajudicial confession, it is itself a conviction. Like a verdict of a jury, it is conclusive. More is not required; the court has nothing to do but give judgment and sentence."

■■ However, if a voluntary guilty plea is to be equated with a waiver of important constitutional rights, it is only logical that the standards for determining voluntariness must be as high as those for waiver. The presence of counsel and the conversation between judge and prisoner at the time the plea is taken are not necessarily conclusive on the question of whether the plea was voluntary. While these factors are relevant in determining whether the plea was voluntary, there may well be situations in

which other matters which are outside the record must be considered *in making* that determination.

■ In this case, the petitioner alleges that his guilty plea was the result of the threatened use of a coerced confession, that he did not want to plead guilty and wanted to assert his claim that the confession was coerced, but that his attorney inaccurately informed him that this was not the proper time to bring up the matter and that the claim should be presented at a later time. The decisions of a number of other circuits indicate that a petitioner would be entitled to an evidentiary hearing where somewhat similar allegations are made. See Carpenter v. Wainwright, 372 F.2d 940 (5th Cir.1967); Doran v. Wilson, 369 F.2d 505, 507 (9th Cir.1966); Shelton v. United States, 292 F.2d 346, 347 (7th Cir.1961), cert. denied, 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280 (1962). In Smith v. Wainwright, 373 F.2d 506, 507–508 (5th Cir.1967), a case almost identical in its facts to the present appeal, it was stated: "Where the guilty plea has been made after one fifteen-minute conference during which an entire capital case, including an allegedly coerced confession, had to be considered, a hearing is clearly called for to ascertain whether the guilty plea was freely made, without infection from the confession and with 'effective assistance of counsel.'"

■ The existence or threatened use of a coerced confession may not itself render the guilty plea involuntary. A defendant who has a basis for claiming that his confession was coerced may nevertheless elect to *forego* that claim and to plead guilty—whether because of "his own knowledge of his guilt and a desire to take his medicine," Doran v. Wilson, 369 F.2d 505, 507 (9th Cir.1966); because "he also knows that other admissible evidence will establish his guilt overwhelmingly," White v. Pepersack, 352 F.2d 470, 472 (4th Cir.1965); because he prefers to plead guilty to a lesser charge rather than run the risk of conviction on a more serious charge; or be-

cause for some other reason he determines that it is in his best interest to plead guilty. · A defendant who knowingly and deliberately follows this course should not be in a better position, with regard to the subsequent assertion of such claims on collateral attack, than the defendant who fails to object at trial.

■ Of course the exploration of these considerations virtually compels disclosure of what occurred between defendant and his counsel. Petitioner, having alleged what was told him and what was not, has waived his privilege against disclosure and his counsel is free to disclose whatever took place between him and his client.

The case is remanded for a hearing to develop all the facts with directions that the hearing be transferred to the Southern District of New York and be held with all reasonable expedition before one of the Judges of said District. In the event that the facts as ultimately found warrant further proceedings, consideration should be given thereto by the appropriate authorities.

On the hearing directed hereby to be held, special attention should be given to the statement given under oath by appellant that he did not plead guilty because he had committed the crime and to appellant's answers on July 22, 1963 under the Court's specific questioning:

The Court: Now, did you commit this crime?

The Defendant: Yes, sir.

The Court: Now, did you, on or about March 24, 1963, in the County of New York, wilfully and feloniously strike Rosalie Smith with a knife, thereby causing her death?

The Defendant: Yes, sir.

Serious charges five years after the event are made under oath against a member of the Bar appointed by the Court to represent appellant in defense of a first degree murder indictment, which can be summarized as inadequate representation to say the least. Full opportunity should be given to Mr. Rosner and his co-counsel to present their ver-

sions of the facts. Appellant and the Assistant District Attorney were also participants in the events of July 22, 1963; the appellant, the notary and probably others in the events of January 15, 1968.

John T. Baker, Esq., whose able representation of appellant is appreciated by this Court, is assigned to represent appellant, Willie Richardson, on the hearing.