**UNITED STATES of America ex rel. William NIXON, Petitioner,**

v.

**Hon. Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.**

No. 68 Civil 4317.

United States District Court
S. D. New York.

April 18, 1969.

**254**

William Nixon, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent, Murray Sylvester, Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, currently serving a ten to thirty-year sentence as a third felony offender at Green Haven state prison imposed upon his conviction of second degree robbery entered upon his plea of guilty, seeks his release upon a writ of habeas corpus. Petitioner alleges that following his arrest he was not advised of his right to remain silent before "being forced under compulsion to sign his name to a confession"; also that he was detained an unreasonable time between his arrest and arraignment before a magistrate and was denied counsel during the delay.

■ Following his indictment and at the time of the entry of his plea of guilty he was represented by counsel. Petitioner charges that the plea was coerced as a result of the claimed constitutional viola-

tions.[1] The State here urges that since petitioner's plea was entered when he was represented by competent counsel, all non-jurisdictional defenses prior to its entry were waived.[2] However, the rule in this circuit now is that although "an allegation that the petitioner's constitutional rights were violated before the plea was taken is not, standing alone, sufficient to call the validity of the plea into question, nonetheless if it is alleged that the plea was coerced in a manner spelled out in the petition, the alleged violations are not irrelevant to the issue of the voluntariness of the plea. An alleged violation of constitutional rights is simply another factor to be taken into account in determining the voluntariness of the plea";[3] in short, the plea is open to collateral attack if petitioner can show that in fact it was not voluntary.

■ The minutes of petitioner's plea proceedings indicate he acknowledged his plea was free of coercion, a factor of substance, although not necessarily conclusive on the issue of voluntariness.[4] The prosecutor, immediately prior to the entry of the plea and before the Court's questioning of petitioner to assure it was voluntary, made an extensive statement as to the facts of the commission of the crime, the petitioner's role and that of his codefendants, whereupon petitioner, in response to the Court's inquiry, acknowledged the truth of the charge. Moreover, petitioner's allegations that his initial admissions to the police were coerced are so conclusory as to provide

1. Compare United States ex rel. Krzywosz v. Wilkins, 336 F.2d 509, 511 (2d Cir. 1964); United States ex rel. Candelaria v. Mancusi, 284 F.Supp. 171, 172 (S.D. N.Y.1968).

2. See, e. g., United States ex rel. Pizarro v. Fay, 353 F.2d 726, 727 (2d Cir. 1965); United States ex rel. Martin v. Fay, 352 F.2d 418, 419 (2d Cir. 1965), cert. denied sub nom. Martin v. Follette, 384 U.S. 957, 86 S.Ct. 1581, 16 L.Ed.2d 552 (1966); United States ex rel. Glenn v. McMann, 349 F.2d 1018, 1019 (2d Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L. Ed.2d 669 (1966).

3. United States ex rel. Ross v. McMann, 409 F.2d 1016, 1021 (2d Cir. Feb. 26, 1969) (en banc).

4. United States ex rel. Martin v. Fay, 352 F.2d 418, 419 (2d Cir. 1965), cert. denied sub nom. Martin v. Follette, 384 U.S. 957, 86 S.Ct. 1581, 16 L.Ed.2d 552 (1966); United States v. Lester, 247 F.2d 496, 500 (2d Cir. 1957); United States v. Davis, 212 F.2d 264, 267 (7th Cir. 1954); United States v. Tateo, 214 F.Supp. 560, 564 (S.D.N.Y.1963).

no support to his charge.[5] His general allegation that he was deprived of his rights "under circumstances similar to those condemned by the Supreme Court in Escobedo v. Illinois, * * * and Miranda v. Arizona, * * *" does not fill the evidential void.[6]

██ The fact that petitioner was represented by counsel is also entitled to substantial weight in determining the issue of voluntariness.[7] Relevant, too, is petitioner's failure to include with his present application an affidavit from his counsel as to the circumstances under which the plea was entered, or the affidavits of persons allegedly having knowledge of the claimed facts.[8] No explanation is offered for the failure to submit any of the foregoing.[9] Finally, and significantly, petitioner makes no allegation that counsel's representation of him was inadequate or that the alleged coerced confession played any part in the entry of his plea.[10]

Upon the allegations here presented, petitioner has failed to make out a claim for relief on this branch of the application and it is denied.

Petitioner's further claim that the sentence imposed was void is without substance; in any event, it presents no federal constitutional claim. Petitioner, indicted for robbery in the first degree, was permitted to plead guilty to robbery in the second degree. At the time of sentence he acknowledged he was a third felony offender. Thereupon the Sentencing Court stated that "because of [petitioner's] * * * cooperation I'm going to treat him as if he had been convicted as a first offender of robbery in the first degree * * * which is what he is actually guilty of." The Court then imposed a sentence of ten to thirty years, within the permissible limits of the crime to which petitioner had pled guilty. However, the minimum of ten years was two and a half years above that which the Court could have imposed.[11] Petitioner contends that because the Court stated it would treat him as if he had been convicted of robbery in the first degree as a first offender, the minimum penalty for which is ten years,[12] he was sentenced for a crime of which he had not been convicted, and consequently the sentence was violative of due process.

5. See United States ex rel. Ross v. McMann, 409 F.2d 1016, 1022 (2d Cir. Feb. 26, 1969) (en banc); *cf.* Schawartzberg v. United States, 379 F.2d 551, 552 (2d Cir.), cert. denied, 389 U.S. 901, 88 S.Ct. 225, 19 L.Ed.2d 224 (1967); Castellana v. United States, 378 F.2d 231, 234 (2d Cir. 1967); United States ex rel. Marinaccio v. Fay, 336 F.2d 272, 274 (2d Cir. 1964); United States ex rel. Homchak v. People, 323 F.2d 449, 450–451 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States v. Molino, 240 F.Supp. 332 (S.D. N.Y.1965).

6. United States ex rel. Realmuto v. Wallack, 254 F.Supp. 1006, 1009 (S.D.N.Y. 1966); United States ex rel. Best v. Fay, 239 F.Supp. 632, 634 (S.D.N.Y. 1965), aff'd on opinion below, 365 F.2d 832 (2d Cir. 1966), cert. denied, 386 U.S. 998, 87 S.Ct. 1319, 18 L.Ed.2d 347 (1967).

7. United States ex rel. Ross v. McMann, 409 F.2d 1016, 1021 (2d Cir. Feb. 26, 1969) (en banc).

8. Id. at 1022 n. 3.

9. See United States ex rel. Homchak v. People, 323 F.2d 449, 450 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States ex rel. Weiss v. Fay, 232 F.Supp. 912, 914 (S.D.N.Y.1964).

10. See United States ex rel. Williams v. Follette, 408 F.2d 658 (2d Cir. 1969).

11. Petitioner concedes that both the thirty-year maximum and the ten-year minimum were permissible under the then applicable statutes. N.Y.Pen.Law, § 1941, required the court sentencing a third-felony offender to impose a term not more than twice nor less than one-half the maximum prescribed by statute for the third offense if committed by a first offender. At the time petitioner was sentenced, the maximum penalty for second-degree robbery was a fifteen year term. N.Y.Pen.Law, § 2127. Accordingly, the court could have imposed a sentence of from seven-and-one-half to thirty years.

12. N.Y.Pen.Law, § 2125.

■■ The matter of sentence for the crime to which petitioner had pled was entirely within the Court's discretion, and obviously involved a variety of factors. The circumstance that the minimum of the sentence imposed upon petitioner coincides with the minimum for a first degree first offender robbery charge by no means indicates that he was sentenced for the latter crime and not for the one to which he had pled guilty. The sentence imposed was still within permissible limits for multiple offender robbery in the second degree. The fact that the Court "talked out loud" in evaluating a factor it deemed favorable to petitioner and which it took into account in imposing the sentence does not change the situation.

The petition is dismissed in its entirety.