**Richard Lee COXSON, Petitioner,**

v.

**R. M. OLIVER, Director, Division of Adult Services, Respondent.**

**Lyskoski Tryggve WASHINGTON, Petitioner,**

v.

**R. M. OLIVER, Action Director of Corrections, Respondent.**

Civ. A. Nos. 74–C–48–C, 74–C–49–C.

United States District Court, W. D. Virginia, Charlottesville Division.

Jan. 30, 1975.

Richard Lee Coxson and Lyskoski Tryggve Washington, pro se.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Petitioners, inmates within the Virginia Correctional System, are being detained pursuant to judgments of the Circuit Court of Madison County, wherein on May 23, 1973, they were convicted of armed robbery on their pleas of guilty; and each was sentenced to a term of thirty years in the Virginia State Penitentiary with ten years of that term suspended. Both have filed in this court nearly identical petitions for writs of habeas corpus. Jurisdiction vests in this court under 28 U.S.C. §§ 2241 and 2254. Since both petitioners were convicted in the same proceeding, were represented by the same court-appointed counsel, and have asserted the same grounds for relief, this court shall consider these petitions jointly.

Both complaints make the following claims:

1) That petitioners were denied effective assistance of counsel because the court-appointed counsel conferred with them only five times.

2) Counsel informed petitioners that any unfavorable sentence received after entering a guilty plea could be appealed.

3) There occurred no line-up and any identification was the result of prejudicial pre-trial publicity.

4) The guilty pleas were induced by petitioners' belief that the government would recommend a sentence of twenty years with eight years suspended. Both received a sentence of thirty years with ten years suspended.

5) Due to the presence of officers with automatic weapons in the courtroom and their belief that the judge was prejudiced against them, petitioners felt coerced.

Beginning with a trilogy of cases in its October, 1969 term,[1] the Supreme Court focused upon the effect of a guilty plea upon a defendant's subsequent collateral attack on his conviction. The court in those cases adopted a constitutional overview which, as a justice in dissent observed was "yet another step toward the goal of insulating all guilty pleas from subsequent attack no matter what unconstitutional action of government may have induced a particular plea." *McMann, supra* note 1 (Brennan, J., dissenting). In *Brady, supra* note 1 and *Parker, supra* note 1, the court considered the claim that the burden placed upon the exercise of the right to jury trial by the Federal Kidnapping Act, 18 U.S.C. § 1201 and a similar state law (the death penalty could be imposed only by a jury upon a verdict of guilty) motivated petitioner's decision to plead guilty.[2] In *McMann, supra* note 1, petitioner claimed that a coerced confession induced his guilty plea. Intoning the reasoning that whether a guilty plea is vulnerable to attack depends not on the merits of an underlying constitutional claim, but on whether the plea when entered was voluntary and intelligent, the court held that the claim presented in these cases, even if factually true, did not alone constitutionally vitiate the entered plea of guilty. In reaching this conclusion, the court implicitly accepted and for the first time placed its own constitutional imprimatur on the view, previously widespread among lower courts, that a voluntary guilty plea entered on advice of counsel is a waiver of all non-jurisdictional defects in any prior stage of the proceedings against him. *See, e. g.* United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2nd Cir. 1965) and cases cited therein. Three years later, the court went far in fulfilling Mr.

1. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

2. The type of statutory provision found in 18 U.S.C. § 1201 was held unconstitutional in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).

Justice Brennan's prophecy by crystalizing into a general proposition the specific holdings of the *Brady-McMann-Parker* trilogy. In Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the court ruled that following the entering of a guilty plea on the advice of counsel, the scope of a federal habeas corpus inquiry is limited to whether the plea was voluntarily and intelligently made; an independent inquiry as to the existence as such of any antecedent constitutional infirmity is improper. *Tollett, supra* at 266, 93 S.Ct. 1602.

■ Whether a plea of guilty is unintelligent and therefore vulnerable depends not on a court's retrospective opinion as to the correctness of counsel's advice to plead guilty, but on "whether that [counsel's] advice was within the range of competence demanded of attorneys in criminal cases." *McMann, supra* note 1, 397 U.S. at 771, 90 S.Ct. at 1449 (1970).

■ In habeas corpus petitions to the Virginia Supreme Court, petitioners attacked their convictions on the basis of ineffective assistance of counsel. The court dismissed the petitions in separate orders dated October 30, 1974. Since this court assumes that the Virginia Supreme Court considered petitioners' ineffective assistance of counsel claim as embracing only what appeared in the state court transcript,[3] this court shall also consider this claim only to that extent.

■ The record indicates that counsel functioned as a reasonably effective attorney. Counsel attempted to suppress certain statements petitioners had made to police. Incriminating evidence was also found in petitioners' possession. Viewing the records as a whole, this court cannot say that petitioners did not receive constitutionally competent advice in entering their guilty pleas. Their guilty pleas are therefore not vulnerable on this point.

■ Petitioners' other grounds for relief have not been presented to the state courts. This court must therefore not consider whether these remaining claims vitiate their guilty pleas. 28 U.S.C. § 2254. In the event such claims again are presented to this court after state court consideration, this court would hopefully be enlightened by state court evidentiary findings on these claims. *See, e. g.,* Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); United States v. Lester, 247 F.2d 496 (2nd Cir. 1957).

For the above reasons, these cases are dismissed. Petitioners are advised that they may appeal this decision to the United States Court of Appeals for the Fourth Circuit by filing with this court a notice of appeal within thirty (30) days from the date of this judgment.

The clerk is directed to send a certified copy of this opinion and judgment to petitioners and counsel for respondents.

---

3. This conclusion is based on petitioners' petitions to the Virginia Supreme Court which stated as their ground for relief, "I was denied effective assistance of counsel in the preparation of my case and the trial thereof." Although they also stated that they had been misinformed about the law, the court had no notice of the factual basis for that claim and therefore had no reason to address it. The court therefore had no reason to consider petitioners' claim of ineffective assistance of counsel in light of their other claims now presented to his court.