**Nicolas COLUCCIO, Petitioner,**

**v.**

**UNITED STATES, Respondent.**

**No. 99–CV–6625 (ADS).**

United States District Court,
E.D. New York.

Oct. 29, 2003.

Dale L. Smith, Brooklyn, NY, for Petitioner.

United States Department of Justice, Tax Division, Northern Criminal Enforcement Section, by Barry Jonas, Senior Trial Attorney, Washington, D.C., Andrew J. Weinstein, New York City, for Respondent.

## INTERIM MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This defendant was sentenced on October 16, 1998 to three years probation with a special condition of full financial disclosure. Also, the defendant was to pay a fine in the sum of $5,000.

On October 15, 1999, the defendant, now the petitioner, filed a writ of habeas corpus pursuant to 28 U.S.C. §§ 2255 and 2241, alleging, among other things, that he was denied the right to effective assistance of counsel.

Apparently, this case erroneously was sent to another judge and this chambers did not receive notice of this case and knew nothing about it until an alert law clerk discovered the situation. At that point, this Court began to address the merits of this application. After reviewing the file, the Court found no government opposition. Further inquiry revealed that the Government requested that the Court rule on the ethical problems raised in a letter by Andrew J. Weinstein, Esq., dated December 1, 1999. The Court never received a copy of the letter by Mr. Weinstein nor does the Court docket contain a copy. On October 27, 2003, a copy of Mr. Weinstein's letter was sent to this Court by Senior Trial Attorney Barry Jonas.

In this letter, Andrew J. Weinstein requested permission from this Court to submit an affidavit, *in camera*, setting forth his position on petitioner's claim that he was ineffective as trial counsel. In accordance with the New York State Code of Professional Responsibility, Mr. Weinstein asked to reveal certain confidences, received while serving as counsel to petitioner, to the extent necessary to defend himself against petitioner's allegations that he gave him erroneous advice. Therefore, all proceedings were on hold because the Court was waiting for a response from the Government without knowing that the Government was withholding its opposition until the Court ruled on Mr. Weinstein's application. However, because of this combination of errors and unfortunate occurrences, there has been substantial delay in resolving this matter. Fortunately, the petitioner was not incarcerated during this period of time.

■ The Court now makes the following ruling on the application of Andrew J. Weinstein, Esq., dated December 1, 1999. The petitioner alleges ineffective assistance of counsel by Andrew J. Weinstein, his then attorney. Mr. Weinstein is now attempting to set forth his position on that issue. The attorney-client privilege cannot be used as both "a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2nd Cir.1991). The attorney-client privilege "may implicitly be waived when a defendant asserts a claim that in fairness requires examination of protected communications." *Id.* at 1292. A defendant who asserts a "good-faith reliance" on the advice of counsel as a defense is deemed to have waived the attorney-client communication with respect to those communications. *In re Grand Jury Proceedings*, 219 F.3d 175, 182–183 (2nd Cir.2000).

■ Here, the petitioner mistakenly relies on *Richardson v. McMann*, 408 F.2d 48 (2nd Cir.1969) and *Bullock v. Carver*, 910 F.Supp. 551 (D.Utah 1995) as cited in Mr. Weinstein's letter. The judgment in *Richardson* was subsequently vacated by the United States Supreme Court. *See McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). *Bullock* stands for the exact proposition that petitioner opposes, namely, that a petitioner claiming ineffective assistance of counsel in a habeas corpus motion has waived any attorney-client privilege. Moreover, Mr. Weinstein's reliance on *Tasby v. United*

*States,* 504 F.2d 332, 336 (8th Cir.1975) is well taken, noting that "a client is not free to make allegations of misconduct and incompetence while attorney's lips are sealed." (See Weinstein's letter dated December 1, 1999 at page 2). Therefore, this Court finds that a review, *in camera,* of Mr. Weinstein's affidavit is proper and appropriate.

Andrew J. Weinstein, Esq., is directed to provide the Court with his affidavit, to be reviewed, *in camera,* with a copy to attorney Dale Smith, Esq., on or before November 15, 2003. The petitioner may respond to the facts set forth in the affidavit within fifteen days of receipt of the affidavit by Mr. Weinstein. The Court will then review the affidavit and opposition papers, if any, and rule on whether the affidavit can be released to the Government and filed with the clerk of the court. That order will afford the Government twenty days to respond to this petition.

**SO ORDERED**