Thomas OVERBAUGH, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 1:06–CV–69 (GLS).

United States District Court, N.D. New York.

April 3, 2007.

Thomas Overbaugh, Loretto, PA, Pro se.

Glenn T. Suddaby, United States Attorney, Richard S. Hartunian, Assistant U.S. Attorney, Albany, NY, for Petitioner.

### Decision and Order

SHARPE, District Judge.

## I. Background

On January 18, 2006, Thomas Overbaugh filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2255. He challenges a judgment entered by District Court Judge Thomas J. McAvoy, claiming, *inter alia*, that the judgment was tainted because his trial counsel was laboring under a conflict of interest at the time of Overbaugh's plea. *See Pet., Dkt. No. 1.*

The court has had repetitive communications from, and with, Overbaugh concerning his petition and its impact on his attorney-client privilege. After the court ordered a response to the petition, *see Dkt. No. 2,* Overbaugh filed a "Notice" and Memorandum of Law stating that he specifically declined to waive his attorney-client privilege regarding prior conversations with his trial attorney. *See Dkt. Nos. 25, 26.* The government then requested that the court discuss the appointment of counsel with Overbaugh. *See Dkt. No. 27.* Overbaugh replied by unequivocally opposing appointment of counsel. *See Overbaugh Memo. ¶ 4, Dkt. No. 33.* He also objected to any disclosures by his trial counsel in contravention of his attorney-client privilege. *See Overbaugh Notice/ Memo., Dkt. No. 35.*

On May 25, 2006, the court held a conference and motion return to address multiple Overbaugh filings and the appointment of counsel. *See May 25, 2006 Text Entry.* Overbaugh personally appeared by video. During the conference, the court discussed the procedural and substantive posture of the case, ruled on a number of Overbaugh post-petition, repetitive motions, and discussed an Overbaugh interlocutory appeal. *See id.* As related to the appointment of counsel, the court carefully explained that the attorney-client privilege was personal to Overbaugh, but that he could not use it as both a shield and a sword in furtherance of his litigation. *See id.* The court urged Overbaugh to accept an appointment of counsel to assist in the litigation of his petition, but Overbaugh declined the court's invitation. *See id.; see also Overbaugh Mot., Dkt. No. 48.* The court then provided Overbaugh time to respond concerning his waiver of the attorney-client privilege and to reconsider his decision regarding appointment of counsel. *See May 25, 2006 Text Entry.*

Overbaugh complied, reiterating his refusal to waive his attorney-client privilege, but he failed to address the appointment of counsel. *See Overbaugh Resp., Dkt. No. 47.* Nonetheless, a day later, he moved for appointment of counsel. *See Dkt. No. 48.* However, he recited a litany of ridiculous demands as contingencies to an appointment order, including, *inter alia:* (1) that telephone conversations with appointed counsel be excluded from his prison allotment; (2) that he be provided with direct access to counsel; and (3) that prison telephone time limitations be waived.[1] *See id.* Before the court ruled on his motion, he filed a second interlocutory appeal on June 29, 2006, this time attacking the court's May 25, 2006 orders. *See Dkt. No. 49.* Four months later, he withdrew the appeal. *See Dkt. No. 56.* The Circuit issued a mandate denying his appeal on January 31, 2007. *See Dkt. No. 58.*

Having halted progress of his action by virtue of his machinations and interlocutory appeals, he now demands expedited disposition of his petition. Thus, the court returns to the appointment of counsel and the effect of his refusal to waive the attorney-client privilege—the point where further action ceased a year ago.

---

1. There appear to have been other demands, but Overbaugh's submission was incomplete as docketed. The submission terminated at page 1, mid-sentence.

## II. *Attorney–Client Privilege*

 The attorney-client privilege cannot be used as both a shield and a sword, and he who holds the privilege may implicitly waive it if he asserts claims that cannot be fairly evaluated absent examination of protected communications. *See U.S. v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *see also Tribune Co. v. Purcigliotti*, 93–CV–7222, 1997 WL 10924, at *5–6 (S.D.N.Y. Jan. 10, 1997). When a habeas petitioner asserts that his trial counsel was ineffective and bases that assertion on claims involving privileged communications, the privilege is waived regarding those conversations. *See Laughner v. U.S.*, 373 F.2d 326, 327 (5th Cir.1967); *Graziose v. U.S.*, No. 03–CV–8109, 2004 WL 102699, at *1 (S.D.N.Y. Jan. 21, 2004); *Coluccio v. U.S.*, 289 F.Supp.2d 303, 304–05 (E.D.N.Y.2003); *Davila–Bajana v. U.S.*, 90–CR–929, 2002 WL 1268000, at *1 (E.D.N.Y. Mar. 29, 2002); *U.S. v. Gallego*, 944 F.Supp. 309, 322 (S.D.N.Y.1996). Under such circumstances, the allegedly ineffective lawyer should be heard, either through testimony, affidavits, or briefs. *See Bloomer v. U.S.*, 162 F.3d 187, 194 (2d Cir.1998).

 However, the privilege belongs to the client, not the attorney, and it emanates from the right to avoid self-incrimination. *See Bilzerian*, 926 F.2d at 1292. Given the nature of Overbaugh's habeas claims, he has obviously opened the barn door regarding his conversations with trial counsel, but it is not obvious that the time to close that door has expired. That is precisely the point the court conveyed to Overbaugh during the May 25, 2006 conference, and that point underscores the court's suggestion that he consult with an attorney concerning the matter. Although the court has not yet held that his habeas petition *implicitly* waives his attorney-

client privilege regarding claims impacted by the privilege, it is ready to do so. Therefore, Overbaugh's may voluntarily withdraw the petition and protect his right against self-incrimination by foreclosing disclosure of his prior communications.[2] Alternatively, he may discuss the implications of his prospective decision with appointed counsel and then decide how he wishes to proceed. However, Overbaugh's past course of action is *not* an option as the court has already explained. He cannot pursue his habeas claims, refuse to waive his attorney-client privilege as it is impacted by those claims, and foreclose disclosure of his prior communications. Under those circumstances, the court will find that he has *implicitly* waived his privilege and authorize trial counsel to speak.

As the court did a year ago, it urges Overbaugh to consult with appointed counsel and elect a course of action with a full understanding of the legal ramifications of his decision. However, the court will *not* succumb to any of Overbaugh's demands concerning an appointment order. If he wishes to consult with counsel, the court will give him that opportunity.

Accordingly, and based upon the foregoing, it is hereby

**ORDERED** that on or before **April 23, 2007,** Overbaugh **shall** file with the court a document entitled "Reply to Court's April 2, 2007, Decision and Order" and **shall** elect one of the following options:

(1) He shall renew his motion for appointment of counsel, *unconditionally,* and the court will appoint counsel for the purpose of advising Mr. Overbaugh of the impact of his attorney-client privilege on his habeas corpus petition and will thereafter

---

**2.** The extent to which Overbaugh's prior conversations impinge on his right against self-

incrimination are know only to he and counsel.

establish further deadlines, as necessary; or

(2) He shall notify the court that he does *not* wish to have counsel appointed and that he elects to withdraw his habeas corpus petition insofar as it raises claims impacted by his attorney-client privilege in order to preserve his privilege and potential right against self-incrimination; or,

(3) He shall notify the court that he does *not* wish to have counsel appointed but that he elects to pursue his habeas corpus petition; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**