■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE ZERVOULAKOS, Appellant, v. JAMES J. MORROW, as Director of the Woodbourne Rehabilitation Center, Respondent.— COOKE, J. Appeal from a judgment of the Supreme Court at Special Term, entered May 2, 1969 in Sullivan County, which dismissed a writ of habeas corpus after a hearing. Nicholas Zervoulakos petitioned the

Supreme Court, pursuant to section 206 of the Mental Hygiene Law (as amd. by L. 1966, ch. 192), that his son George, then 20 years old, be certified to the custody of the Narcotic Addiction Control Commission. Six days later, on June 20, 1967, two detectives came to the Zervoulakos home and removed the son, purportedly to question him concerning a burglary. He was removed the same day to the Edgecombe Rehabilitation Center and, upon examination by a commission physician, was found to be a narcotic addict within the meaning of the Mental Hygiene Law. Upon being brought before the Supreme Court in Kings County the next day, he was given a copy of the medical report and advised of his rights to a hearing, to counsel at every stage of the certification proceedings and of the assignment of counsel in case of indigence. On June 27, 1967, appointed counsel waived a hearing and stated that appellant had spent time and study on the situation, understood the program and desired to submit to treatment. Appellant informed the court that he understood he was waiving a hearing and that, by waiving, he consented to be certified. In *Matter of James* (22 N Y 2d 545), where there was a hearing and jury trial, it was held that a determination of addiction, based almost entirely on information gained during a period of temporary detention which was illegal in that it violated constitutional rights, could not stand (p. 553). Here, however, appellant voluntarily and knowingly waived his right to a hearing, admitted his addiction and consented to certification and commitment, thus placing himself in the same position as a self-petitioner — and without an issue to be tried at a hearing or before a jury (cf. *Matter of Spence* v. *Narcotic Addiction Control Comm.*, 30 A D 2d 810, mot. for lv. to app. den. 22 N Y 2d 910). He was certified on his admission, consent and waiver in open court and not on statements made during the detention (cf. *People* v. *Piracci*, 24 A D 2d 892, cert. den. 385 U. S. 904; see, also, *People* v. *Rodgers*, 15 N Y 2d 690; *People* v. *Nicholson*, 11 N Y 2d 1067, cert. den. 371 U. S. 929). The requirement for the medical report, which applied after jurisdiction was obtained, was procedural in nature and, being nonjurisdictional, any defects regarding it were waived by relator (*People ex rel. McNeill* v. *Morrow*, 32 A D 2d 375, 381; cf. *United States ex rel. Glenn* v. *McMann*, 349 F. 2d 1018; *People* v. *Scott*, 3 N Y 2d 148; *People ex rel. Noto* v. *Police Dept. of City of N. Y.*, 283 App. Div. 872). Judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.