■ In the Matter of THEODORE Q, Respondent, v MARK W. R, an Alleged Drug Dependent Person, Appellant.—Appeal from an order of the County Court of Madison County, entered December 4, 1975, which declared appellant a drug dependent person within the meaning of article 81 of the Mental Hygiene Law, and certified him to the care and custody of the Drug Abuse Control Commission. Appellant contends that the State's failure to appear in the proceeding renders the entire proceeding a nullity. Additionally he argues that he should be released from the custody of the Drug Abuse Control Commission for the reason that the record of the proceedings below does not contain the report of the medical examination of appellant, as required by subdivision (f) of section 81.13 of the Mental Hygiene Law. The requirements of the statute that the State shall be a party in all such proceedings and shall act on the relation of the petitioner, and additionally, that the Attorney-General shall represent the State (Mental Hygiene Law, § 81.13, subd [b], par 1), were enacted in the State's interest so that only properly certified drug addicts would be accepted for treatment and rehabili-

tation. The fact that the Attorney-General did not participate in the proceedings under review could not form a legal basis for objection on the part of the appellant, nor does it affect the jurisdiction of the trial court. Moreover, the record clearly demonstrates that appellant, with the aid of counsel, voluntarily waived his right to a hearing, admitted his addiction, and consented to certification and commitment, thus placing himself in the same position as a self-petitioner. "He was certified on his admission, consent and waiver in open court" *(People ex rel. Zervoulakos v Morrow,* 34 AD2d 695, 696). Any requirement concerning the medical report, which applied after jurisdiction was obtained, was procedural in nature and being nonjurisdictional, the requirement that it be made part of the record of the proceedings was waived by appellant (p 696; see, also, *People v Crafton* and *People v Maranez,* 31 NY2d 828). Order affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Larkin, JJ., concur.